AETNA LIFE INSURANCE COMPANY *v.* BOCKTING, GUARDIAN.

[No. 5,835. Filed December 11, 1906. Rehearing denied February 27, 1907.]

1. PLEADING. — *Complaint.—Initial Attack on Appeal.*—A complaint, attacked for the first time on appeal, is sufficient if it states facts sufficient to bar another action for the same cause. p. 588.

2. SAME.—*Affirmative Answers.—Burden of Proof.*—Where no general denial to the complaint is filed, the burden is upon defendant to establish the allegations of his affirmative answers, the truth of the complaint being conceded. p. 589.

Aetna Life Ins. Co. *v.* Bockting—39 Ind. App. 586.

3. INSURANCE. — *Policies.*—*Void Clauses.* — *Meaning. of.*—The breach of a clause in an insurance policy does not *ipso facto* render such policy void, though the strict terms thereof so provide, but simply renders it voidable at the election of the company.   p. 589.

4. PLEADING.—*Answer.*—*Insurance.*—*Breach of Void Clause.*— *Election.*—An answer, in an action on an insurance policy, that assured made certain misrepresentations and that by reason thereof the policy was rendered void by its terms, is insufficient, since it fails to show an election by the company to avoid the policy on account of such breach and fails to show a return of the unearned premium.   p. 589.

5. CONTRACTS. — *Void.* — *Voidable.*—*Fraud.*—*Rescission.*—*Election.*—A contract induced by fraud is not void, but simply voidable at the election of the defrauded party; and a rescission thereof can be made by such party only by returning the value received by him.   p. 589.

6. PLEADING.—*Insufficient Answer.*—*Insufficient Reply.*—A bad reply is good enough for a bad answer.   p. 589.

7. SAME.—*Argumentative Denial.*—*Demurrer.*—It is not erroneous to overrule a demurrer to a reply consisting of an argumentative denial of the answer.   p. 590.

8. SAME.—*Argumentative Denial.*—*Confession.*—An argumentative denial cannot be construed as a confession of the facts denied.   p. 590.

9. INSURANCE.—*Breach of Policy.*—*Rescission.*—*Election.*—*Judgment.*—*Answers to Interrogatories.*—Where the answers to the interrogatories to the jury show that the assured falsely represented that he was not addicted to the use of intoxicating liquors, but fail to show a rescission or a return of the premium, defendant is not entitled to judgment thereon, as against a general verdict for plaintiff.   p. 590.

10. SAME.—*Misrepresentations.*—*Knowledge by Agent.*—A company cannot evade responsibility on its policy issued to a person addicted to the use of liquor, where its agent knew of such fact, solicited such insurance and received and retained his money. p. 591.

11. SAME.—*Public Policy.*—It is against public policy to permit an insurance company to profit through the fraud of its agent. p. 591.

12. NEW TRIAL.—*Insurance.*—*Fraud of Agent.*—*Rescission.*— *Election.*—A new trial because of insufficient evidence will not be granted to an insurance company, where there was some. evidence showing fraud on the part of the company's agent in

obtaining the insurance, and also that the company, upon learning of the breach of its policy, failed to rescind. p. 591.

13.    TRIAL. — *Instructions.—Issues.—Insurance.—Fraud.*—In an action on an insurance policy, where fraud is pleaded as a defense, the company is not entitled to instructions on the question of a breach of warranty. p. 592.

14.    EVIDENCE.—*Exclusion of.—When Harmless.*—It is harmless error for a court to exclude evidence of a fact which the jury, in its answers to interrogatories, finds in favor of the party offering such evidence. p. 592.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Sebastian Bockting, as guardian of Frona Bockting, an infant, against the Aetna Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. W. Armstrong,* for appellant.

*Fisher & Gray* and *Hatfields & Hemenway,* for appellee.

Roby, J.—The appellee sued appellant on a policy of life insurance, and recovered judgment for $526.91. The complaint was in one paragraph, was not demurred to, and is attacked for the first time by an. assignment of error. It is sufficient to bar another action for the same cause, and therefore proof against such assignment. *Embree* v. *Emerson* (1905), 37 Ind. App. 16.

1.

Issues were closed by an answer in three paragraphs, each of which is based upon the following statements contained in the application by the assured, upon which the policy in suit was issued: "(28) Have you ever been intemperate in the use of either malt or spirituous liquors, or used any drug habitually? A. No. (29) Do you use either malt or spirituous liquors daily, or nearly every day? If so what is used, and the proximate amount? A. No."

It is averred that such representations were material; that they were false, and knowingly and fraudulently made

Aetna Life Ins. Co. *v.* Bockting—39 Ind. App. 586.

by the assured to procure the issuance by appellant
2. of said policy of insurance, which is averred to have been issued in reliance thereon. No. general denial was filed, and the burden of establishing the affirmative allegations of the answer was upon appellant.

Appellee replied "to the amended first, second and third paragraph of defendant's answer" in three paragraphs, the first of which was a general denial. The second and third paragraphs of reply were both unsuccessfully challenged by demurrers for want of facts, and such rulings are assigned as errors.

In a recent case of *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, it was declared, in accordance with correct principle and after consideration of the con-
3. flicting conclusions reached in other states, that an insurance contract is not *ipso facto* rendered void by breach of the condition upon which it issues (*Masonic, etc., Assn.* v. *Beck* [1881], 77 Ind. 203, 206, 40 Am. Rep. 295), and that an answer seeking to avoid such
4. policy must set up facts constituting an election to avoid it, and also show a seasonable return of the premium received. *Hanover Fire Ins. Co.* v. *Dole* (1898), 20 Ind. App. 333.

It is elemental that a contract induced by fraud is not void, but voidable, at the option of the injured party, and therefore valid until he elects to rescind it, which
5. he can only do upon returning value received by him. *Adam, Meldrum, etc., Co.* v. *Stewart* (1902), 157 Ind. 678, 87 Am. St. 240.

In the second and third paragraphs of answer it is averred that, upon discovering the alleged fraud, appellant, in the exercise of diligence, at once tendered
6. the premium received by it to appellee. The first paragraph contains no equivalent averment, and did not, therefore, state a defense to appellee's complaint.

A bad reply is good enough for a bad answer. *Board, etc.,* v. *Stock* (1894), 11 Ind. App. 167, 171.

The reply is directed to the answer as an entirety, but the averment of the second paragraph of reply is, aside from such consideration, that the defendant's agent, with full knowledge of the habits of the assured as to the use of intoxicating liquors, solicited and procured the application, in .which the statements relative to that subject, shown to form the basis of the defense, were made; that he heard the questions asked and the answers made, and with full knowledge of all the facts delivered said policy, and thereafter collected two separate instalments of premium thereon.

The third paragraph differs from the second in that the agent is averred to have taken notes for the premium, which were collected by appellant through its agents.

7. Both paragraphs contain specific denials of the facts upon which the averments of fraud are based. The objections urged to them are that they are nothing but argumentative denials, that they do not meet the entire answer, and that they confess and fail to avoid the answer. There could be no error in overruling a demurrer to an argumentative denial, neither can such a pleading be construed

8. as confessing the facts denied, while the respect in which the replies do not meet the answer is not stated, the assignment last referred to cannot be sustained.

The seventh assignment of error is that the court erred in overruling appellant's motion for judgment upon the answers to interrogatories returned by the jury with

9. the general verdict. In those answers it is found that the representations above set out were made by the assured in his application, that they were false, and that he did use liquor intemperately. The answers do not, however, show any rescission or return of premium, which was a sufficient reason for overruling the motion for judgment notwithstanding.

A further assignment of error questions the ruling of the court in denying appellant's motion for a new trial. There are over one hundred reasons for a new trial stated in the motion, a number of which are repeated in the assignment of errors.

The evidence tends to establish the intemperance of the decedent, but it leaves room for a fair inference that appellant's agents had knowledge of the facts connected therewith, and with such knowledge procured said application to be made and the policy to be issued. The assured did not seek the contract. He refused to take a one thousand dollar policy, and after some delay purchased the one in suit. It is settled in this State that an insurance company cannot avoid the payment of a loss by taking advantage of a wrong done by its own agent. *Rogers* v. *Phenix Ins. Co.* (1890), 121 Ind. 570, 584; *Phenix Ins. Co.* v. *Golden* (1890), 121 Ind. 524, 529; *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291; *Phenix Ins. Co.* v. *Allen* (1887), 109 Ind. 273.

These decisions are not only binding authority, but they state the true rule of policy. An insurance company, no more than an individual, can be permitted to profit through the fraud of its agent, and at the same time escape all responsibility therefor. By the employment of reputable agents and the use of legitimate methods in obtaining business, it can always safeguard both itself and the public. Neither of the agents who solicited and took the policy sued upon testified in the case. There were circumstances tending to establish both opportunity for, and knowledge of, the fraud which is alleged.

The verdict may have been based upon a finding that the fraud practiced was the fraud of the agent, or that appellant did not, upon learning the truth, elect to avoid the policy, both of which propositions are to some extent supported, and a new trial cannot now be had for lack of evidence to support the verdict.

Complaint is made of the instructions given and of the action of the court in refusing to give those requested. The instructions, taken as a whole, are more favorable 13. to appellant than they should have been. No answer setting up breach of warranty was filed. Appellant chose to base its defense upon fraud, and was entitled to instructions on that theory only. By the instructions it was given the benefit of the law applicable to breaches of warranty, as well as that germane to its answers.

If the court erred in excluding evidence tending to establish the falsity of the statement made by the assured, the error was harmless. The jury 14. found the issue to which such excluded evidence was directed for appellant, as is shown by its answers to interrogatories.

Judgment affirmed.