## MODERN WOODMEN OF AMERICA *v.* VINCENT.

[No. 5,689. Filed February 27, 1907. Rehearing denied October 30, 1907. Transfer denied December 20, 1907.]

1. WORDS AND PHRASES.—*"Void."—Insurance.*—The word "void," as used in insurance policies, means voidable at the election of the insurer. pp. 714, 716.

2. INSURANCE.—*Premiums.—Recovery of.—"Void" Clauses.—Contracts.*—The insurer is liable for the premiums received upon a "void" policy, there being no consideration received by the insured and no liability thereon. p. 714.

3. PLEADING.—*Answer.—Insurance.—"Void" Clauses.—Warranty.—Election.*—An answer, in an action on an insurance policy containing warranties and "void" clauses, which attempts to deny liability on account of the breach of such warranties must show an election by the company to avoid such policy and a return of the unearned premiums. pp. 715, 718.

4. INSURANCE.—*"Void" Clauses.—Election.—Waiver.*—The avoidance of an insurance policy because of the breach of a warranty therein contained constitutes an election and not a waiver. p. 715.

5. CONTRACTS.—*Warranty.—Breach.—Rescission.*—Breach of a warranty contained in a contract gives no right of rescission unless such right is expressly reserved. p. 717.

6. SAME.—*Rescission.—Warranty.—Breach.*—A warranty is a promise, usually collateral to a contract, and a rescission for a breach thereof can be upheld only where the rescinding party restores or offers to restore what he has received thereunder. p. 717.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by Mary E. Vincent against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Truman Plantz, C. S. Denny* and *G. L. Denny,* for appellant.

*W. E. Cox, W. D. Crow, J. W. Wilson* and *Sol. H. Esarey,* for appellee.

Roby, P. J.—Action by appellee as beneficiary of a certificate of membership issued by appellant to Joseph W. Vincent, who was appellee's son. Trial by a jury, verdict and judgment for $1,088.75.

The errors assigned are the sustaining of appellant's demurrer to the seventh paragraph of appellee's answer, and the overruling of her motion for a new trial. In the seventh paragraph of answer it is averred that the contract sued upon is based upon appellant's by-laws, the written application made by Joseph W. Vincent, together with the benefit certificate issued to him; that said Vincent, in his application warranted as follows:

"That any untrue answer or statement or any concealment of facts, intentional or otherwise, in this application shall forfeit the rights of myself and that of my beneficiary to any and all benefits and profits growing out of my membership in said society;"

that among the statements of said application was the following:

"I hereby make application for membership in your camp of the society of Modern Woodmen of America, and for indemnity in case of my death while a member in good standing in said society in the sum of $1,000. For such purpose I hereby tender to said society the following true and complete answers and statements:  *   *   *   (2) I was born at Paris, Kentucky, in the county of Bourbon, on October 3, 1864."

It is alleged that he further answered as follows:

"I have verified each and all answers and statements of this application, adopt them as my own, and

declare and warrant that they are full, complete and literally true, and I agree that the exact literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers, and I agree that such answers and statements, together with the preceding declaration, shall form the basis of the contract between me and the Modern Woodmen of America, and are offered by me as a consideration for the contract applied for, and are hereby made a part of any benefit certificate that may be issued on this application, and shall be deemed and taken as a part of such certificate. That this application may be referred to in such benefit certificate as the basis thereof, I further agree that if any answer or statement in this application is not literally true, or if I shall fail to comply with and conform to all of the laws of said Modern Woodmen of America now in force or hereafter adopted, then my benefit certificate shall be void.''

It is further averred that appellant's by-laws required that the benefit certificate contain said warranties, and in conclusion it is averred·''that the answer and statement of said Joseph W. Vincent in said application, that he was born on October 3, 1864, was false and untrue, as said Joseph W. Vincent was born on October 3, 1863, wherefore defendant prays judgment.''

Appellant's attorneys state their position as follows: ''It was Vincent's business to see that all of his answers were written truthfully and correctly. As before stated, he said that he verified each of them and declared them warranties. The answer made by him as to his age was the warranty made so by his own contract. Even if it is a fact that he did not intend any deception in said answer, this fact will not avoid the effect of such answer; that defendant's risk was not increased by Vincent's deceit, as under the table of assessments Vincent paid the same rate that he would have paid if he had given his true age, still this fact does not avoid the effect of a false answer or breach of warranty. The law regards representations made by the applicant in an application for insurance, as a warranty to the in-

surer that the facts so stated are exactly as represented. They must be literally true, whether material or immaterial, or the policy is void." *Union Central Life Ins. Co.* v. *Hollowell* (1898), 20 Ind. App. 150; *Supreme Lodge, etc.,* v. *Foster* (1901), 26 Ind. App. 333.

The word "void" as thus used means voidable at the election of the insurer. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659; *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586. It is given that meaning when used in a statute, where such statute is designed for the protection of married women against liability upon contracts of suretyship. *Lackey* v. *Boruff* (1899), 152 Ind. 371. The case cited contains not only a statement of the conclusion before announced, but supports it so forcefully, both by reason and authority, as to leave nothing more to be said.

The answer under consideration shows (1) the existence of a warranty (which was immaterial to the risk), and (2) its breach. It does not contain an allegation of an election by the appellant to avoid said policy, nor any facts tending to show such election. It is based upon the theory that the breach of the warranty *ipso facto,* rendered the contract void from the beginning. The word "void" was used in *Union Central Life Ins. Co.* v. *Hollowell, supra,* and several cases of similar tenor, but it means no more than that the contract as between the parties will cease to be effective at the election of the insurer. It has sometimes been said that the word "void" having been used, and being unambiguous, no room for construction exists, and it must be taken as written. This view is superficial and incorrect. Words stand for things. The conditions in connection with which the word "void" is used in the contract under consideration are such as clearly to show that it was within the province of the insurer to treat the contract as valid. If it does this the assured will be held to his engagements so far as he and his beneficiary are con-

cerned. If the contract was totally void, it could be disregarded by either or both parties without liability, and the assured, having done nothing illegal, could of course recover money paid by him in pursuance of the terms of an attempted contract which did not have, and never could have, any validity for any purpose, and therefore the courts are compelled, by the connection in which the word "void" is used, to give it the meaning which the context shows was given to it by the parties. The contract was not a nullity from the beginning. It ceases to be binding upon the insurer only after it has elected to avoid it because of the breach of a warranty or condition.

It follows that an answer which seeks to defeat an insurance policy because of a breach of warranty, must not only set up the warranty and the breach, but also an election by the insurer to avoid such policy because of such breach, and this ought certainly to be true where the warranty was in regard to a fact immaterial to the risk, the breach of which in no way added to the liability or burden of the insurer, and because of which it is improbable that any election to avoid would ever be made.

It will be conceded that the assured might reply by alleging a waiver of a breach of warranty under any view which can be urged. The proposition, as it is presented upon demurrer to the seventh paragraph of answer, is not, however, one of waiver. No doubt the insurer might declare a forfeiture of the policy for breach of warranty, and after it had elected to take advantage of such breach it might waive the right thus secured, but until such election is made there is nothing to waive. If it always treats the policy as valid, such facts constitute, not a waiver, but an election to treat the policy as valid instead of void, a matter which in the first instance rests with the insurer, and in regard to which it must itself elect. The misuse of the word "waiver" in this connection is clearly shown by a recent writer in an illustrative article. Waiver in Insurance

Cases (Ewart), 18 Harvard L. Rev. 365. Cases involving questions similar to the one here presented are numerous. Their multiplicity and conflicting logic render a return to elemental principles, not only satisfactory, but essential, and the result thus reached is so eminently just and fair as to commend itself. Cases sustaining the conclusion here reached are not wanting, but no attempt has been made to compile them. *Glens Falls Ins. Co.* v. *Michael, supra; Wing* v. *Harvey* (1854), 5 De G., M. & G. *265; *Aetna Life Ins. Co.* v. *Bockting, supra; Hemmings* v. *Sceptre Life Assn.* [1905], Ch. 365; Waiver in Insurance Cases (Ewart), 18 Harvard L. Rev. 365.

Judgment affirmed.

Hadley, Watson, Rabb, JJ., concur; Comstock, J., concurs in result. Myers, J., absent.

## On Petition for Rehearing.

Roby, J.—It is conceded in appellant's brief supporting its petition for rehearing that the word "void," as used in its policy means voidable at the election of the insurer. Such construction of the term is in the interest of the insuring public, who otherwise would have no certainty of protection, no matter how persistently premiums are paid, and equally in the interest of the insurance companies, who being denied, as they would have to be denied, the right of keeping premiums paid upon contracts subsequently found to have been void from the beginning, would find the repayment of premiums so held, burdensome. *Barber* v. *Lyon* (1846), 8 Blackf. 215. This premise being granted, the question of what facts are necessary to make a good answer must be determined by the well-established rules of law, and this is as it should be, for the law is the same for all persons, and insurance contracts are therefore construed exactly as other contracts are. *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 3 L. R. A. (N. S.) 966; 16 Am. and Eng. Ency. Law (2d ed.), 862;

1 May, Insurance (4th ed.), §172, *et seq.;* 1 Beach, Contracts, §249.

Breach of warranty does not, in England, authorize the vendee to avoid a contract of sale, unless there is an express provision in the contract that he may do so. *Street v. Blay* (1831), 2 Barn. & Ad. 456; *Gompertz* v. *Denton* (1832), 1 Cr. & M. *207; *Dawson* v. *Collis* (1851), 10 C. B. *523. Such breach does not confer a right of avoidance in this State. *Marsh* v. *Low* (1876), 55 Ind. 271; *Hoover* v. *Sidener* (1884), 98 Ind. 290; *Wulschner* v. *Ward* (1888), 115 Ind. 219, 222. These decisions accord with the weight of American authority.

The contract involved in the case at bar expressly confers the right to avoid the contract for breach of warranty, and it is therefore only necessary to a good answer that sufficient facts be stated to show a legal election upon its part to avoid the same. A warranty is a promise, usually collateral to the principal contract (Benjamin, Sales [7th Am. ed. by Bennett], §610), but not necessarily so (Mechem, Sales, §§1334, 1393). The rule in all cases of rescission is that the party rescinding must restore, or offer to restore, every thing of value which he has received under the contract. *Calhoun* v. *Davis* (1851), 2 Ind. *532; *Hanna* v. *Shields* (1870), 34 Ind. 84; *Balue* v. *Taylor* (1894), 136 Ind. 368.. That rescission will not be permitted unless the parties are placed in *statu quo* has been declared a great many times. The doctrine has its foundation in the natural justice which will not permit one to retain the advantage and escape the burden of his contract at the same time, and it does not depend upon the reason for rescission, which may be fraud, mistake or (by agreement, as in this case) breach of warranty. "But being possessed of the fruits of the contract as ultimately made, it became necessary for appellee [appellant in this case] to elect as to the status that the transaction should assume. If he would have accomplished a rescission, it was his duty so to elect with reason-

able promptitude, and to return or offer to return whatever of value he had received by contract. By omission to pursue this course he affirmed the contract." *Horner* v. *Lowe* (1902), 159 Ind. 406.

The answer to which the court sustained a demurrer shows a breach of warranty, and that such breach may be made the basis of a rescission appears, but it does not state facts showing a valid election by the company.

It does not show a return of premiums. It does not show that no premiums had been received. It does not even contain an expression of willingness to restore the *statu quo,* and "we think no case can be found in the books which will sustain them in this." *Johnson* v. *Cookerly* (1870), 33 Ind. 151, 155.

The petition is overruled.

All concur.