## STATE LIFE INSURANCE COMPANY v. JONES.

[No. 7,062. Filed November 1, 1910. Rehearing denied December 30, 1910. Transfer denied June 27, 1911.]

1. INSURANCE.— *Policies.— Voidable.— Election.— Rescission.— Return of Consideration.*—The so-called void clauses of an insurance policy render such policy voidable, in case of a breach thereof, at the election of the insurer; and in order to rescind such contract the insurer must return the benefits received. p. 187.

2. COURTS.—*Supreme.—Appellate.*—The Appellate Court is bound by the rules of law announced by the Supreme Court. p. 188.

From Shelby Circuit Court; *Will M. Sparks,* Judge.

Action by Marguerite Jane Jones against the State Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles F. Coffin, Carter & Morrison* and *H. S. McMichael,* for appellant.

*Wickens & Osborn* and *Alonzo Blair,* for appellee.

RABB, J.—This action was brought by appellee against appellant to recover upon two policies of insurance issued by it upon the life of her husband, naming appellee as the beneficiary therein. No question is presented as to the sufficiency of the complaint. Appellant answered that the policies sued on were issued in consideration, among other things, of the warranties and statements contained in the insured's application for the policies; that said warranties were broken; that the statements in the application were false and fraudulent; that appellant relied upon the truth of the statements made by the insured in answer to the interrogatories addressed to the insured in the medical examination, which was contained in said application, and that appellant was induced thereby to enter into the contract.

It is not averred in the answer that appellant, upon the

discovery of the untruthfulness of said answers, paid or offered to pay appellee, or any one representing the insured, the premiums received by it for the policies, and it appears from the special finding of facts and from the evidence that no such tender was made.

Appellant's defense proceeds upon the theory that no such tender was necessary; that no question of rescission of the contract was involved; that this defense is predicated upon the terms of the contract as made by the parties, and not upon its rescission; that upon the facts averred in the answer and shown by the evidence and special finding, nothing was due to the appellee under the contract, and therefore no steps were required to be taken for its rescission.

It is conceded by appellant that the rule is correct as settled by the decision of this court in the cases of *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, *Farmers, etc., Ins. Co.* v. *Hill* (1910), 45 Ind. App. 605, *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711, *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586, and by the Supreme Court in the case of *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 8 L. R. A. (N. S.) 708, to the effect that contracts of insurance are not rendered absolutely void by a breach of warranty, or by reason of false representations contained in the application of the character involved in this case, but that the policies are voidable at the election of the insurer, and that before a defense on such ground can prevail against a suit upon the policy, proper steps must be taken by the insurer to rescind the contract, and that a tender back of the premiums received by it is one of the necessary steps; but the soundness of these decisions is vigorously assailed, and appellant insists that they should be overruled.

If this court were convinced that appellant is right in its contention, it could not revoke the rule established by these

cases until the Supreme Court overruled its decision

2. in the case of *Glens Falls Ins. Co.* v. *Michael, supra.*
We must therefore consider the law as settled in this
State.

Judgment of the court below affirmed.