## COMMERCIAL LIFE INSURANCE COMPANY
### *v.* SCHROYER.

[No. 21,952. Filed October 4, 1911. Rehearing denied December 15, 1911.]

1. INSURANCE.—*Rescission.*—*Answers.*—*Tender.*—In an action on a life insurance policy providing, among other things, that false or fraudulent statements in the application shall render the policy void, answers that the insured in his application, made

certain false and frudulent statements for the purpose of deceiving defendant, that the assured was ignorant thereof, and relied thereon, and that the assured warranted them to be true, are insufficient, there being no allegation that, upon discovery of the falsity of such statements, the premiums paid were either returned, or that an offer to return was made. Myers, J., dissents. p. 655.

2. INSURANCE.—*Avoidance.*—*Return of Premiums.*—Though an insurance policy provides that if false or fraudulent statements are made in the application therefor the policy shall be void and the premiums shall be forfeited to the company, an answer of rescission is bad which fails to show a return, or an offer of return, of the premiums paid, the rescission dating from the inception of the policy. Myers, J., dissents. p. 657.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by Anna Schroyer against the Commercial Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Pickens, Cox & Kahn,* for appellant.

*D. W. McKee, Hyatt L. Frost* and *R. N. Elliott,* for appellee.

Cox, J.—Appellee, being the beneficiary in a policy of insurance issued by appellant on the life of her husband, brought this action, following his death, against appellant to recover thereon. From a judgment for appellee this appeal is prosecuted, and error on the part of the trial court in overruling appellant's motion for a new trial is relied on for a reversal. Under this assignment of error, it is contended that the verdict was not sustained by the evidence and that the court erred in giving and refusing to give instructions.

Appellant answered the complaint by a general denial and by a second and third paragraph of answer. In the second paragraph the execution of the policy was admitted, but it was alleged that the policy was void and of no effect, and in no way binding on appellant, for the reason that the insured in his application for the insurance made certain statements as to his occupation, and declared,

and warranted them to be true; that the statements were false, and were made by insured to deceive appellant, and to induce it to issue the policy; that appellant did not know and had no means of knowing the truth or falsity of the statements, but relied on them and issued thereon the policy in suit.

The allegations of the third paragraph are identical with the second, except that the false statements alleged therein were in regard to former applications made by the insured for insurance in other companies and rejections by them. Appellee replied specially to the third paragraph of answer, admitting that the statements of the insured set forth therein were false, but averring that appellant had knowledge of their falsity before it issued the policy and received the premium thereon.

It is not contended by counsel for appellant that the evidence does not sustain a verdict for appellee on the general issue, or that on such issue there was any error in giving or refusing to give instructions. Appellant's whole defense proceeds on the theory that its second and third paragraphs of answer were good, and that the evidence given thereunder made a case entitling it to a verdict.

These answers were not good. They fail to allege that appellant, upon discovering the alleged fraud, took any steps to rescind the contract, by tendering back or offering to return the premium paid by insured or otherwise. No evidence was given or offered that appellant had done this. It is conceded that it had not, and it is contended that it was not necessary for it to do so.

The contract of insurance involved provides that fraudulent and untrue statements, such as those pleaded, shall render the policy void, and work a forfeiture of all premiums paid by insured.

The rule, as settled by the decisions of the courts of this State, is that contracts of insurance with such provisions are not rendered absolutely void by a breach of warranty, or by

reason of false answers to questions affecting the risk, contained in the application as a part of the contract of insurance, such as are involved in this case, but that they are voidable at the election of the insurer; that before a defense on such ground can defeat a recovery by the beneficiary in a suit on the policy, the insurer must take proper steps to exercise its election to avoid and rescind the contract, and that tendering back the premiums received is one of the necessary steps in making the election to rescind. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 8 L. R. A. (N. S ) 708; *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537; *State Life Ins. Co.* v. *Jones* (1911), 48 Ind. App. 186. See, also, 18 Harvard Law Review 364.

Answers to a complaint to recover on a policy in such cases must, to be sufficient, allege the facts showing the condition, its breach, and the election to avoid or rescind the contract. And to defeat a recovery by reason thereof proof must be made of the facts so alleged.

But counsel for appellant contend that the rule, as laid down in the cases cited, does not apply to this, because of the provision in the contract that the insured shall

2. in such case forfeit premiums paid. Of course it is obvious that if the insurer elect to avoid or rescind the policy, it is as if no contract had been made. The termination of the contract, in case the insurer elects to rescind it, does not date from the time of the election, but from the breach of the condition. In this case the breach was before the consummation of the contract, and at the election of the insurer the contract became null from its inception, leaving no obligation resting upon either party to it. Appellant could not renounce the contract for the purpose of refusing to pay to the beneficiary the amount it called for, and in the same breath claim it to be in force for the purpose of enabling it to retain the premium paid.

Finding no error in the record warranting a reversal, the judgment of the lower court is affirmed.

## DISSENTING OPINION.

MYERS, J.—I concur in the result reached in the majority opinion, on the ground of election by appellant after notice of the alleged false answer, but I am impelled to dissent from so much of the opinion as, in effect, holds that even though a contract of insurance is procured by fraud of the insured, and the insurer is in ignorance, and the risk attaches, the premium must be returned where the defense is interposed in an action at law upon the policy. The rule may be otherwise in case of a suit in equity to cancel the policy upon the ground of the requirement that the moving party shall do equity. The ground of the distinction between suits in equity and actions at law on the policy has been lost sight of, and much confusion has thereby arisen.

It seems to me no answer to say when there is an action on the policy the contract becomes noneffective from the beginning, and hence no risk attaches. That depends on whether there is a discovery, so that there may be ground for an election to rescind, for until discovery some risk necessarily attaches, even though it should not be the full risk contracted for, and, in addition, the fact that there is a necessary expense in procuring the contract. It is not wholly unilateral. Some risk necessarily attaches as an element of nondiscovery itself, and from the fact of issuance of the policy, but the contract is none the less fraudulent, though there be no discovery, and so long as any risk attaches it becomes, in effect, a wagering contract, and it seems to me in such case, even though there is discovery of the fraud, there should be no recovery of the premium. This court has held that as long as any risk attaches there can be no recovery of premiums, on the ground that there can be no apportionment of the risk. *American, etc., Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 64 L. R. A. 935; *Continental Life Ins. Co.* v. *Houser*

(1887), 111 Ind. 266; *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254. The Appellate Court has held the same. *American Mut. Life Ins. Co.* v. *Mead* (1906), 39 Ind. App. 215; *Metropolitan Life Ins. Co.* v. *Bowser* (1898), 20 Ind. App. 557; *Metropolitan Life Ins. Co.* v. *McCormick* (1898), 19 Ind. App. 49, 65 Am. St. 392.

If it be said that it is a wagering contract on the part of the insurer, then the law should leave the parties where they place themselves. It seems to me that any other rule invites wagering contracts, deception and perjury, and that a wise public policy would be subserved in the rule I suggest, which has been held by many of the courts. *Taylor* v. *Grand Lodge, etc.* (1905), 96 Minn. 441, 105 N. W. 408, 3 L. R. A. (N. S.) 114; *Ronald* v. *Mutual, etc., Life Assn.* (1892), 132 N. Y. 378, 30 N. E. 739; *Thompson* v. *Travelers Ins. Co.* (1903), 11 N. Dak. 274, 91 N. W. 75; *Stringham* v. *Mutual Ins. Co.* (1904), 44 Or. 447, 75 Pac. 822; *Blaeser* v. *Milwaukee, etc., Ins. Co.* (1875), 37 Wis. 31, 19 Am. Rep. 747; *Georgia Home Ins. Co.* v. *Rosenfield* (1899), 95 Fed. 358, 37 C. C. A. 96; *United States Life Ins. Co.* v. *Smith* (1899), 92 Fed. 503, 34 C. C. A. 506; *Lewis* v. *Phoenix, etc., Ins. Co.* (1872), 39 Conn. 100; *Hoyt* v. *Gilman* (1811), 8 Mass. 336; *Metropolitan Life Ins. Co.* v. *McTague* (1887), 49 N. J. L. 587, 9 Atl. 766, 60 Am. Rep. 661; 2 Joyce, Insurance §1406.

The rule of requiring the return of premiums paid, applies in case of suits in equity to cancel the policy, and not in actions at law upon the policy, and is asserted in numerous well-reasoned cases which seem to me to declare the true rule. *United States Life Ins. Co.* v. *Smith, supra; National Mut. Fire Ins. Co.* v. *Duncan* (1908), 44 Colo. 472, 98 Pac. 634, 20 L. R. A. (N. S.) 340; *Provident Sav., etc., Soc.* v. *Whayne's Admr.* (1908), 131 Ky. 84, 93 S. W. 1049; *Venner* v. *Sun Life Ins. Co.* (1889), 17 Can. S. C. 394.

It can scarcely be questioned that although the contract provides that fraud shall render the policy void, it is universally held not to be void, but voidable at the election of

the insurer, and for that reason alone a risk attaches, subject to be defeated at the election of the insurer, and hence the reason for the rule of requiring tender of the premiums when equity is appealed to to cancel the policy, while on the other hand, when an action is brought at law on the policy, the insurer may stand on his legal defense, and the law leaves the insured where he has placed himself by his own fraud, from which he is not permitted to take advantage, or speculate upon the fact of his having paid money on a contract rendered fraudulent by his own conduct.