## SUPREME TRIBE OF BEN HUR *v.* LENNERT.

[No. 22,192.   Filed April 4, 1912.   Rehearing denied June 6, 1912.]

1.  INSURANCE.—*Benefit Insurance.—Avoidance of Certificate.—Occupation of Insured.—Evidence.*—Where, at the time of applying for the benefit certificate sued on and at all times afterwards, the laws of a benefit insurance order forbade admission to any

person engaged as principal, agent or servant, in the sale of spirituous or malt liquors as a beverage, and provided that any member of the order engaging in such prohibited occupation should *ipso facto* stand suspended and his benefit certificate immediately become null and void, in an action on such certificate, evidence showing that at the time of signing the application the decedent was the driver of a· beer wagon and that it was his duty to deliver barrels and kegs of beer on orders taken by himself and others and to collect and account to the brewing company therefor, that he continued in such business until July, 1904, when he engaged in the business of selling spirituous and malt liquors as a beverage, on his own account, and that defendant in July, 1904, learned that decedent had engaged in that business, and for that reason refused to accept his money and continue his membership, fully sustained a defense that such certificate was forfeited on the ground that the insured entered into the business of selling spirituous and malt liquors as a beverage in July, 1904. p. 129.

2.   INSURANCE.—*Action on Benefit Certificate.—Forfeiture.—Burden.*—In an action on a benefit certificate where forfeiture is pleaded as a defense, the burden of proving facts necessary to avoid such defense rests upon the plaintiff. p. 129.

3.   INSURANCE.—*Benefit Insurance.—Construction of Contract.— Selling Liquors—"Sales as a Beverage."*—Where one, insured under a certificate issued by a benefit insurance order, took orders from dealers for barrels and kegs of beer, and delivered the same to the persons giving the orders, and collected the money therefor, such sales were not "sales as a beverage" within the meaning of a law of the order prohibiting any member from engaging in the business of selling spirituous or malt liquors as a beverage. p. 129.

4.   INSURANCE.—*Benefit Insurance.—Waiver of Right to Avoid Certificate.—Receipt of Assessments.*—Where, at the time of applying for and securing a certificate of insurance in an order, the applicant was engaged in the sale of malt liquors as a beverage so as to forfeit his certificate under the law of the order, and the order, through its agent, knew that fact and received assessments from him with that knowledge, it thereby waived its right to avoid the certificate on that ground. pp. 130, 131.

5.   INSURANCE.—*Benefit Insurance.—Waiver of Right to Avoid Certificate.—Subsequent Cause for Forfeiture.*—The waiver by a benefit insurance order of its right to avoid a certificate on the ground that the insured was engaged as the agent of another in the sale of intoxicating liquor contrary to the law of the order, did not prevent it from thereafter forfeiting the certificate when the insured engaged in the saloon business on his own account. pp. 130, 131.

6. INSURANCE.—*Life Insurance.*—*Conditions as to Occupation.*— *Breach.*—*Effect.*—Where a contract of insurance provides for forfeiture if the insured shall engage in the sale of intoxicating liquor as a beverage, a breach of such condition does not render the contract void, but merely voidable by the insurer. p. 130.

7. INSURANCE.—*Life Insurance.*—*Forfeiture of Policy.*—*Return of Premiums.*—Where an insurer elects to declare a policy void, it must return the premiums received after the breach. p. 131.

8. INSURANCE.—*Life Insurance.*—*Breach of Conditions.*—*Knowledge of Agent is Knowledge of Company.*—Knowledge of an agent employed to solicit insurance and collect premiums is the knowledge of the company, and knowledge had by a soliciting agent, at the time a policy was issued, that the insured was engaged in an occupation in violation of the provisions of the policy, was knowledge of the company. p. 131.

9. INSURANCE. — *Benefit Insurance.* — *Evidence.*—*Forfeiture.*—*Return of Premiums.*—The fact that the insured under a certificate issued by a benefit insurance order was, at the time of applying for and receiving the certificate, engaged as an agent in soliciting orders for and delivering beer in barrels and kegs and continued in that business until July, 1904, when he engaged in the business of a saloon keeper, did not make it incumbent on the order, on declaring the policy forfeited because he engaged in the saloon business, to return premiums paid by him prior to engaging in such saloon business. p. 132.

10. INSURANCE.—*Action on Benefit Certificate.*—*Defense of Forfeiture.*—*Reply Avoiding Forfeiture.*—*Sufficiency.*—In an action on a benefit certificate where the defense was that the certificate was forfeited in July, 1904, because the insured had at that time engaged in the business of selling spirituous and malt liquors as a beverage, a paragraph of reply, alleging that the defendant had knowledge that at the time of the application for and issuance of the certificate the decedent's occupation was that of driving a beer wagon, soliciting orders for and delivering beer and collecting money therefor, and that with such knowledge his dues were received by defendant from that time to and including the month of June, 1904, was insufficient, for failure to allege that defendant had knowledge that his business was that of selling spirituous and malt liquors as a beverage. p. 132.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Kate Lennert against the Supreme Tribe of Ben Hur. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394, Subd. 2, Burns 1908, Acts 1901 p. 565.)   *Reversed.*

*Ulric Z. Wiley, Arthur H. Jones* and *Charles L. Wedding,* for appellant.

*George K. Denton, W. D. Robinson* and *W. E. Stilwell,* for appellee.

MONKS, J.—This action was brought by appellee on a benefit certificate issued by appellant to appellee's husband, in which she was named as the beneficiary. There was a trial; verdict and judgment in favor of appellee.

The errors assigned and not waived are the overruling of (1) appellant's motion for a new trial, (2) the demurrer to the reply.

It is alleged in the complaint that the certificate sued on was issued on January 31, 1899; that in July, 1904, appellant refused to accept any further assessments, etc., from said Adam E. Lennert, and wrongfully declared the certificate of insurance forfeited, and denied all liability, and refused to recognize any liability thereunder; that said Adam E. Lennert died in February, 1908. Performance by said Lennert of all the conditions in said certificate is alleged.

Appellant answered that at the time Lennert became a member of the order, and at all times afterward, there was in force among the laws of the order §100, as follows:

"No person shall be admitted to this order who is engaged as principal, agent or servant, in the sale of spirituous or malt liquors as a beverage, and should any member of the order engage in the above prohibited occupation, after his admission he shall, *ipso facto,* immediately stand suspended from all rights and benefits of the order without any action whatever, and his beneficial certificate shall immediately become null and void."

That afterward "on or about July 15, 1904, said Lennert engaged in the business and occupation of a saloon-keeper in the city of Evansville and did then and there become and continue to be engaged as principal in the sale of spirituous and malt liquors as a beverage in said city and did then

and thereby forfeit all his rights and benefits and so continued until the time of his death, and that the certificate sued upon did then and thereby become null and void and of no force and effect.''

The third paragraph of answer contained substantially the same allegations as the second, and also alleged that in order to secure his membership in the order he signed and presented his application for membership, January 30, 1899, and also answered certain questions, two of which questions and answers were as follows: "11. What is your occupation? A. Teamster. 12. Are you now engaged in the sale of intoxicating liquors as a beverage, either as principal, agent or servant? A. No.'' And as a part of said application for membership said Lennert further expressly agreed, among other things, as follows: ''I hereby declare and warrant, that the above are fair and true answers to the foregoing questions, and I hereby agree that these statements and warranties, together with those hereinafter made to the examining physician in this application, and the laws of the Supreme Tribe of Ben Hur, now in force and that may hereafter be adopted, shall form the basis of this contract for beneficial membership; that any untrue or fraudulent answers, any suppression of facts in regard to my health, age, occupation, personal habits, * * * shall vitiate my Beneficial Certificate and forfeit all payments made thereon. I also agree that should I now be engaged in, or should I hereafter engage in any occupation, trade or calling prohibited by the laws of the Supreme Tribe, that from and after the date of my so engaging in such prohibited occupation, trade or calling, my right, as well as that of my beneficiary, to participate in the benefit funds of the Order, shall cease and become null and void, and that I shall stand suspended as a member without any notice from the Court or Supreme Tribe, and any payment of dues or assessments by me or receipt thereof by any officer or member of the Court or

Supreme Tribe, shall not be binding on the Order; that this contract shall be null and void and of no binding force upon said Supreme Tribe.''

This paragraph of answer, like the second, relies on the forfeiture of said certificate resulting from Lennert's engaging in the saloon business in July, 1904. To these two paragraphs appellee replied, that at the time said Lennert became a member of the order, and at the time he made application for the certificate of insurance sued on, and at the time it was issued and delivered to him ''he was then and continued to be engaged in the sale of spirituous and malt liquors as a beverage for the F. W. Cook Brewing Company, until the 1st day of July, 1904, on which day he opened a saloon and entered into business for himself. That, at the time he made his application for membership and for the certificate sued upon, he made known to the agent and solicitor of the subordinate lodge, of which he became a member, and collected his membership fees, dues, knew at all times of the character and nature of his occupation, which was that of driving a beer wagon for F. W. Cook Brewing Company, soliciting orders for, and delivering beer, and collecting money therefor, and that his application for membership was accepted and his dues and assessments accepted from that time on and up to and including the month of June, 1904, with full knowledge of said facts, and that, on the — day of July, 1904, the head officer of the defendant order learned of the fact that said Adam Lennert was engaged in and operating a saloon, in the sale of spirituous and malt liquors as a beverage, and had been engaged in the sale of spirituous and malt liquors as a beverage for F. W. Cook Brewing Company, as stated, at the time he made his application and at all times thereafter, up to the time that he entered into business for himself. That the head officers of the defendant order, on learning the facts, on the — day of July, 1904, refused to accept any further money or payments from said Adam Lennert, declared his certificate of membership

and insurance forfeited, and void, solely on the ground that said member had misrepresented his occupation in his application, and secured membership in said Order contrary to the by-laws, and that his certificate of insurance was void from the beginning, by reason of said misrepresentation and his said occupation. That said Lennert thereupon employed an attorney, Frank E. Monfort, who proposed to the defendant that if the defendant would return to the said Adam Lennert all moneys collected by said defendant on said contract of insurance, he would surrender the certificate, but that the defendant order refused to do so, and with full knowledge, as stated, of all the aforesaid facts retained and has ever since retained and still retains all moneys paid by said Adam Lennert and refused and has ever since refused and still refuses to return the same or any part thereof, although at all times insisting that said contract of insurance was void from the beginning. That said Lennert offered to pay his dues and assessments in July, 1904, and notified the defendant order that he was ready and willing to perform all conditions of said contract, but the defendant refused said offer.''

It is first insisted by appellant that the court erred in overruling appellant's motion for a new trial. Causes assigned for a new trial were (1) the verdict of the jury is contrary to law, and (2) the verdict is not sustained by sufficient evidence.

The evidence and the facts admitted in the pleadings show that when Lennert applied for and received his benefit certificate he was the driver of a beer wagon for the F. W. Cook Brewing Company; that it was his duty, as such driver, to deliver barrels and kegs of beer, on orders taken by himself and others, and to collect the money for the barrels and kegs of beer delivered by him, and account to the brewing company therefor; that he continued in this business until July, 1904, when he engaged in the business of running and operating a saloon,

selling spirituous and malt liquors as a beverage, on his own account.

Appellant, by its agents and officers, learned in July, 1904, that said Lennert had in that month engaged in the saloon business, and refused to accept his money and continue his membership, because of his going into said saloon business in July, 1904; that said Lennert offered to pay the assessments and continue his membership after he engaged in the·saloon business in July, 1904; that the offer was refused.

1. The evidence fully sustains the defense set up in the second and third paragraphs of answer, that the benefit certificate sued on was forfeited on the ground that said Lennert entered into the business of selling spirituous and malt liquors as a beverage in July, 1904.

2. The burden of proving the facts necessary to avoid said second and third paragraphs of answer was on appellee, and unless that was done, the verdict should have been for appellant.

Evidence that Lennert was driver of a beer wagon for the brewing company, took orders for barrels and kegs of beer, and delivered the same to the persons giving such orders, and collected the money therefor, does not prove that he was engaged in the sale of spirituous or malt liquors

3. as a beverage. For aught that appears from the evidence, such sales were made to the dealers only and would not be "sales as a beverage" within the meaning of said §100 of the laws of the order, above set out. If Lennert as driver of a beer wagon for the brewing company took orders for barrels or kegs of beer, and delivered the same to persons to be used by them as a beverage, and collected the money therefor, whether he was engaged in the sale of malt liquors as a beverage within the meaning of said §100, we need not determine, as there is no evidence that any such sales were made by said Lennert. On the contrary, there is

evidence that the "sales to private parties were made by solicitors of the brewing company."

But even if said Lennert as driver of a beer wagon was engaged in the sale of malt liquors as agent or servant of the brewing company, as alleged in the reply, there was no evidence that appellant, through its agent who solicited said insurance or otherwise, had any notice or knowledge thereof until after the benefit certificate had been forfeited on account of Lennert's engaging in the saloon business in July, 1904. Neither was there any evidence that appellant declared said benefit certificate "forfeited and void solely upon the ground that said member had misrepresented his occupation in his application, and secured membership in said order contrary to the by-laws," as alleged in the reply.

It is true that if said Lennert, as driver of a beer wagon for said brewing company, was engaged in the sale of malt liquors as a beverage, when he applied for and 4. secured said benefit certificate, and continued in that business until July, 1904, and appellant, through its agent, knew that fact, and received assessments from him with such knowledge, it thereby waived its right to avoid the benefit certificate on that account, and if the death had occurred while said Lennert was so employed, appellant would have been liable on the benefit certificate. But 5. the waiver by appellant of the right to avoid said certificate, on the ground that said Lennert was in a prohibited business when the certificate was accepted, did not prevent it from forfeiting said certificate on account of his engaging in the saloon business in July, 1904. It had the right to waive the first and enforce the latter.

Contracts of insurance with provisions such as the one here in regard to occupation are not rendered absolutely void, but merely voidable by the insurer upon breach 6. of such provision. *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 76 N. E. 977, 3 L. R. A. (N. S.) 966, 117 Am. St. 382, 9 Ann. Cas. 91; *Masonic, etc., Assn.*

v. *Beck* (1881), 77 Ind. 203, 40 Am. Rep. 295; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760; *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711, 80 N. E. 427, 82 N. E. 475; *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586, 79 N. E. 524.

If the insurer elects to declare the policy void, it must return the premiums received after the breach. *Commercial Life Ins. Co.* v. *Schroyer, supra; Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380; *State Life Ins. Co.* v. *Jones* (1911), 48 Ind. App. 186, 92 N. E. 879.

Where an insurance company knows of a breach of a condition of a policy, but receives and retains premiums thereafter, the breach is waived, and the company is estopped to deny its liability for loss under the policy. *Ohio Farmers Ins. Co.* v. *Vogel, supra; Farmers, etc., Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1, 73 N. E. 730.

It has been held that knowledge of the agent employed to solicit insurance and collect premiums is the knowledge of the company. *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760; *Aetna Life Ins. Co.* v. *Bockting, supra; Farmers Mut. Fire Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1, 73 N. E. 730; *Northwestern, etc., Assn.* v. *Bodurtha* (1899), 23 Ind. App. 121, 53 N. E. 787, 77 Am. St. 414; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785, 789.

It has also been held that knowledge of the soliciting agent at the time the policy was issued that the insured was engaged in an occupation in violation of provisions of the policy, is knowledge of the company. 3 Cooley, Briefs on Ins. 2524 (d), 2538; *Key* v. *Des Moines Ins.*

*Co.* (1889), 77 Iowa 174; *Fitchner* v. *Fidelity Mut. Fire Assn.* (1897), 103 Iowa 276; *Continental Ins. Co.* v. *Pearce* (1888), 39 Kan. 396, 18 Pac. 291, 7 Am. St. 557; *Wooldridge* v. *German Ins. Co.* (1897), 69 Mo. App. 413; *Boetcher* v. *Hawkeye Ins. Co.* (1877), 47 Iowa 253; *Jordan* v. *State Ins. Co.* (1884), 64 Iowa 216, 19 N. W. 917; *Stone* v. *Hawkeye Ins. Co.* (1886), 68 Iowa 737, 28 N W. 47, 56 Am. Rep. 870.

Under the evidence, it is clear that appellant was not required to return any of the assessments paid prior to the time in July, 1904, when said Lennert engaged in 9. the saloon business. There was no evidence given at the trial to establish the facts necessary to avoid said paragraphs of answer.

Appellant next insists that the court erred in overruling its demurrer for want of facts to the reply. It will be observed that the allegation in regard to appellant's 10. knowledge of the business in which Lennert was engaged is that, at the time Lennert applied for and received his benefit certificate, appellant, through its soliciting agent, "knew the character and nature of his occupation which was that of driving a beer wagon for F. W. Cook Brewing Company, soliciting orders for and delivering beer and collecting money therefor, and that his application for membership was accepted and his dues and assessments accepted from that time on and up to and including the month of June, 1904, with a full knowledge of said fact."

This does not aver or show that appellant through its agents or otherwise, had notice or knowledge that Lennert at and during the time mentioned was engaged as agent or otherwise in the sale of spirituous and malt liquors as a *beverage.* Such an allegation was necessary to the sufficiency of the reply, even as an argumentative general denial.

Other questions are argued in appellant's brief, but as they may not arise on another trial, they are not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and to sustain appellant's de-

American Fidelity Co. *v.* Indianapolis, etc., Fuel Co.—178 Ind. 133.

murrer to appellee's reply, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 115. See, also, under (1) 29 Cyc. 245; (2) 29 Cyc. 232; (3) 29 Cyc. 181; (4) 29 Cyc. 194; (5) 29 Cyc. 194; 27 L. R. A. (N. S.) 446; (6) 29 Cyc. 181, 182; (7) 29 Cyc. 195; 13 L. R. A. (N. S.). 884; (8) 25 Cyc. 862; (9) 29 Cyc. 195; (10) 29 Cyc. 227. As to the waiver of, or estoppel to deny, the forfeiture of a benefit certificate for a violation of the contract of insurance other than the failure to pay dues or assessments, see 12 Ann. Cas. 639. As to the right of insured to return of premium where policy is void or voidable because of misrepresentations on his part, see 32 L. R. A. (N. S.) 298. As to effect of knowledge by insurer's agent of falsity of statements in application, see 16 L. R. A. 33. As to forfeiture of insurance policy by member of a benefit society, see 52 Am. St. 572.