## THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* FINKELSTEIN.

### [No. 8,444. Filed January 28, 1915.]

1. INSURANCE.—*Life Insurance.—Election to Avoid Policy.—Return of Premiums.*—To avoid liability on a life policy on account of an alleged breach of warranty, ·or fraud in its procurement, the company must elect to rescind the contract, and tender back the premiums paid thereon, within a reasonable time after discovering facts warranting such rescission, or receiving notice sufficient to put it on inquiry as to such facts; hence, in an action on a policy, answers setting up misrepresentations amounting to fraud, and alleging a tender of the premiums paid, were not sufficient on demurrer, where it appeared that proof of death was accepted without objection, that thereafter, and some time before suit, the company notified plaintiff of its election to avoid the policy, but that it made no effort to tender back or repay the money received as premiums until long after commencement of the action, which was approximately seven months after the proof of death was furnished. p. 29.

2. APPEAL.—*Waiver of Error.—Briefs.*—Alleged error in the ruling on a demurrer is waived by the appellant's failure to set forth in its brief any point or proposition in relation thereto. p. 31.

3. APPEAL. — *Questions Reviewable. — Briefs. — Abstract Propositions.*—Mere abstract statements of law or fact, or both, though contained under the statements of points or propositions in appellant's brief, are insufficient to present any question, unless applied specifically to some particular ruling or action of the court. p. 31.

From Superior Court of Vanderburgh County; *Fred M. Hostetter,* Judge.

Action by Lillian Finkelstein against The Mutual Life Insurance Company of New York. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George A. Cunningham* and *Daniel H. Ortmeyer,* for appellant.

*Isador Kahn* and *George K. Denton,* for appellee.

FELT, J.—Appellee brought this suit to recover on a life insurance policy for $1,000 issued on the life of her hus-

band.  Appellant filed an answer in three paragraphs. Appellee's demurrer to the first and second paragraphs of answer was sustained.  Appellant's demurrer to the special reply to the third paragraph of its answer was overruled.  Appellant refused to plead further and elected to stand on the pleadings and rulings aforesaid, and judgment was rendered against it for the amount of the policy.  Error is assigned on each of the rulings of the court on the demurrers aforesaid.  Appellant states that "the questions involved depend upon the sufficiency of the first and second paragraphs of answer and of the reply to the third paragraph of answer."

The first and second paragraphs of answer show that the application and policy constitute the entire contract; that all statements of the insured, in the absence of fraud, shall be deemed representations and not warranties; that the application shows that all the statements of the insured were true; that the policy should not take effect until the premium was paid during his good health.  It is also averred in the answer that the applicant made false statements in regard to diseases for which he had been treated and in regard to physicians who had treated him; that appellant believed said false statements to be true and had no knowledge or information to the contrary, and would not have issued said policy but for such answers and representations of the insured; that the same were material to the risk. Facts are also averred in the answer to show that the insured had been afflicted with other diseases than those enumerated by him and had been treated by other physicians than those named by him; that he was afflicted with a serious disease of the stomach not stated by him; that by reason of said false statements the policy, though issued and delivered, never became a binding contract of insurance.

The answers also show that when the policy was issued the applicant lived in Topeka, Kansas, and that appellant

had its office in the city of New York; that appellant did not know of said false statements until it learned thereof by investigation while passing on appellee's proof of the death of the insured; "that considerable time elapsed before the defendant became satisfied that the said application and the statements therein contained were untrue and misrepresentations and a fraud upon the defendant and, thereupon, the defendant immediately notified the plaintiff that the said application and statements contained therein were untrue and that the defendant would not pay upon the said policy but that the defendant elected to treat the said policy as absolutely void from the beginning." The answer then avers certain facts to show that appellant should not be required to tender back the premium paid it and then states: "That notwithstanding the fact that it would be unjust and inequitable to compel this defendant to repay to the plaintiff or the representatives of the said Sol Finkelstein any portion of the said premium, the defendant did on the 31st day of May, 1911, offer to return and tendered to the plaintiff the premium paid by said insured on said policy, together with interest thereon from the date of its payment and now renews said offer and tender."

From the record, the complaint and answer it appears that the policy was issued November 2, 1909; that the insured died in Evansville, Indiana, September 24, 1910; that proofs of death were submitted to appellant and accepted without objection in October, 1910; that this suit was begun on May 12, 1911, and the premium was tendered back on May 31, 1911. The rule is firmly established in Indiana that where an insurance company desires to avoid liability on a policy on account of a breach of warranty, or fraud in its procurement, it must elect to rescind the contract and in so doing must act with reasonable promptness after discovering, or receiving sufficient notice to put it upon inquiry concerning the facts which

would warrant such rescission; that an essential and necessary part of such election and rescission is a tender to the party entitled thereto, of the premiums paid on the insurance contract to be rescinded. *Horner* v. *Lowe* (1902), 159 Ind. 406, 411, 64 N. E. 218; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 679, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 657, 95 N. E. 1004, Ann. Cas. 1914 A 968; *Supreme Tribe, etc.* v. *Lennert* (1912), 178 Ind. 122, 131, 98 N. E. 115; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 351, 355, 83 N. E. 760; *American Central Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 540, 92 N. E. 380; *State Life Ins. Co.* v. *Jones* (1911), 48 Ind. App. 186, 187, 92 N. E. 879; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 244, 94 N. E. 785; *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 297, 99 N. E. 745.

The averments of the answer show that some time before the suit was brought appellant notified appellee that it had elected to treat the policy as void and would not pay any amount on account thereof, but it did not then return or offer to return the premium which the insured had paid for the policy. The so-called election to treat the policy as void without tendering back the premium paid, on the facts of this case, was without legal effect, and the retention of the premium by the company for the length of time shown deprived appellant of the right to deny liability on the policy on the ground that there never had been a binding contract of insurance. The decisions and text writers state the rule in terms which require promptness in electing to treat the contract as void when the facts are ascertained, and to avoid liability on the contract, there must not only be notice of such election but a seasonable and prompt tendering back of the premium received by such company, or a reasonably prompt and good faith offer to return the same.

The facts averred in the answer show such delay on the part of appellant both before and after the suit was brought as to leave no room for controverting the proposition that there was not a seasonable and prompt tender to appellee of the premium paid for the policy appellant seeks to declare void. The court, therefore, did not err in sustaining the demurrer to either the first or second paragraph of answer. *Metropolitan Life Ins. Co.* v. *Johnson, supra,* 245; *Glens Falls Ins. Co.* v. *Michael, supra,* 679; *United States, etc., Ins. Co.* v. *Clark, supra,* 355.

Appellant has assigned as error the overruling of its demurrer to appellee's reply to the third paragraph of answer, but the error, if any, is waived by failure of appellant to state in its brief any point or proposition relating thereto. Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, though contained in appellant's statement of points or propositions, are insufficient to present any question for decision by this court. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652; *German Fire Ins. Co.* v. *Zonkers* (1915), 57 Ind. App. 696, 108 N. E. 163.

Judgment affirmed.

NOTE.—Reported in 107 N. E. 557. As to conflict of laws respecting nonforfeiture of policies, see 104 Am. St. 483. As to necessity that life insurance company in electing to rescind policy on ground of breach of warranty or false statement in application return or offer to return premiums received, see Ann. Cas. 1914 A 971. See, also, (1). 25 Cyc. 760, 792, 921; (2) 2 Cyc. 1016; (3) 2 Cyc. 1017.