# NEW YORK LIFE INSURANCE COMPANY v. LAHR.

[No. 23,976. Filed March 16, 1922. Opinion modified and petition for rehearing denied January 9, 1923.]

1. INSURANCE.—Life Insurance.—Conditions Avoiding Policy.— Construction.—Failure to Pay Premiums.—The provision in a policy of life insurance that a failure to pay any premium when due shall render the policy void was a condition subsequent, the breach of which did not of its own force terminate the policy, but rendered it voidable at the election of the in-

surer, which election could be exercised only after the expiration of the six-month period, after failure to pay an annual premium, within which insured had the right to claim a paid-up policy.  p. 627.

2.  INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Forfeiture of Policy.*—*Granting Extended Term Insurance.*—· *Effect.*—Where a policy of life insurance provided for forfeiture for nonpayment of premiums when due, the action of the insurance company in making an entry on its books showing extended term insurance, though no such right was given by the terms of the policy, constituted a recognition of the validity and continued existence of the policy, and did not operate as an exercise of the company's option to terminate it.  p. 628.

3.  INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Forfeiture.*—*Application of Earned Surplus to Extended Term Insurance.*—Upon a failure to pay premiums when due, an insurance company cannot apply, without the consent of the insured, the surplus and undivided profits earned on a policy liable to forfeiture for nonpayment of premiums to the purchase of extended term insurance, where such right was not given the insurer by the terms of the policy.  p. 628.

4.  INSURANCE.— *Life Insurance.*— *Forfeiture.*— *Tender of Premium.*—Where an insurance company has marked on its books a policy as lapsed for nonpayment of premiums, it is unnecessary for insured to make further tender of performance to preserve whatever rights he may have under his policy.  p. 628.

5.  INSURANCE.—*Life Insurance.*—*Forfeiture.*—*Exercise of Option.*—*Notice.*—*Necessity.*—Where a policy of life insurance secured to the insured certain options at the expiration of the tontine period, but before that time he had been informed by the insurance company that the policy had been forfeited for nonpayment of premiums, insured was not required, at the expiration of the tontine period, to give notice of an election as to which option he would accept.  p. 630.

6.  INSURANCE.—*Life Insurance.*—*Nonpayment of Premiums.*— *Failure to Forfeit Policy.*—*Insurer's Liability.*—Where an insurance company did not exercise its right to forfeit a life policy for nonpayment of premiums, but entered on its books an extended term insurance, though the policy contained no provision therefor, it was proper for the court, in an action by insured after the expiration of the tontine period, to give judgment against the company for the amount which the insured was entitled to under the terms of the policy at the end of the tontine period less the amount of unpaid premiums, with interest thereon for their respective due dates.  p. 630.

New York Life Ins. Co. v. Lahr—192 Ind. 613.

7. INSURANCE.— *Life Insurance.— Police Provision Requiring Suit to be Brought within a Year.— Validity.— Statutes.—* Where a life policy was issued by a foreign insurance company which took effect on its delivery to insured and payment of premiums by him within the state, a provision in the policy that no suit should be brought on the policy after one year from the time of the accruing of the cause of action, is void under §4803 Burns 1914, §3770 R. S. 1881.  p. 631.

8. EVIDENCE.— *Admissibility.— Intent.— Abandoning Insurance Contract.—*In an action on an insurance policy claimed by the insurer to have been forfeited for nonpayment of premiums, wherein insured contended that the failure to pay the premiums was due solely to insurer's failure to notify him when they were payable in accordance with the custom previously followed, insured could testify that he had no intention to abandon his contract of insurance; evidence of intent being admissible in civil cases where material.  p. 631.

9. APPEAL.—*Review.—Harmless Error.—Admission of Evidence of Intent.—*In an action on a life policy claimed by the insurer to have been forfeited for nonpayment of premiums, error, if any, in permitting insured to testify that he had no intention of abandoning his contract of insurance, was harmless, where it clearly appeared from all the evidence that his failure to pay the premiums was wholly unintentional.  p. 631.

10. INSURANCE.—*Life Insurance.—Action on Policy.—Evidence. —Estimate Submitted by Agent as to Surplus.—Admissibility.—*In an action on a life policy to recover the surplus to which insured was entitled under the policy at the expiration of the tontine period, an estimate, prepared by the insurer's agent at the time he secured the policy, as to the amount of such surplus, was admissible on behalf of the insured.  p. 631.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Adolph P. Lahr against the New York Life Insurance Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*James H. McIntosh, Daniel A. Ortmeyer* and *Gavin & Gavin,* for appellant.

*George K. Denton, Spencer, Perkins, Nolan & Spencer* and *Moses B. Lairy,* for appellee.

WILLOUGHBY, J.—This action by appellee against appellant is upon an insurance policy issued by appellant to appellee.

The substantial averments of the complaint are that on March 17, 1892, appellant, in consideration of $326.50 paid by appellee, executed and delivered to appellee a policy of life insurance, whereby appellant agreed to pay to the executors, administrators, or assigns of appellee, called the insured in said policy, $5,000 upon proof of death, with the further provision that the tontine period in such policy should be completed on March 17, 1907, and that after the completion of such tontine period, if the policy had not been previously terminated, it secured to the insured, *inter alia,* one of the following benefits or options:

First:   To apply the accumulated dividend to the purchase of an annuity on the life of the insured in one of the following forms:   (a) an annuity for the number of years that premiums are payable beyond the tontine period, to be used in reduction of subsequent premiums on this policy, and in case the amount accruing in any year from the annuity, together with dividends that may thereafter be declared on this policy, shall exceed the amount of premium due thereon, the excess to be paid in cash; or  (b) if the payment of premiums is completed, an annuity for the whole term of life.

Third:   To withdraw in cash the entire equity (that is, the net reserve computed by the American Table of Mortality and interest at four per cent. twenty-eight hundred and twenty-two and 95/100 dollars [$2,822.95], and in addition thereto the accumulated surplus aforesaid).

Appellee performed all the conditions of such contract of insurance on his part to be performed.   About April 28, 1898, appellant marked said policy upon its books as lapsed, and continuously after said date treated said

policy as lapsed and as having been forfeited, and appellee as having no right to any of said options, and appellant about the year 1902, or 1903, notified appellee that it considered said policy as having lapsed in the month of April, 1898, and that it refused to recognize him as having any rights thereunder to any of such options, and thereby rendered it useless for him to elect one of said options, and waived any such election and any notice thereof. Appellee says that appellant waived notice of election of options on the part of appellee provided for in said policy more than three months prior to the completion of said tontine period, and waived the failure of appellee to make such election and give notice thereof by denying all liability on said policy on other grounds and notified said appellee that the same had lapsed in April, 1898; such notice having been given in February and March, 1912. The reserve and accumulated surplus mentioned in said option amounted, at the completion of said period, to $5,000 and appellee elected to take such option. Appellants have not paid appellee said sum or any part thereof, and the same is due, together with interest thereon, at 6 per cent. from March 17, 1907. Appellee has been damaged $5,000.

A copy of the policy is attached to the complaint. To this complaint appellant answered in five paragraphs, the first being a general denial, except an admission of its corporate existence, its business operation, and the contract of insurance with appellee on his life, dated March 17, 1892. It then avers, so far as concerns this action, that appellant was authorized to and was transacting business in the State of Indiana, with an office in said state. Appellee was a resident of Evansville, Indiana, and at the solicitation of appellant's agent made his application to appellant for $5,000 insurance on his life, on the ten payment fifteen year, non-forfeiting tontine plan, and agreed that any policy issued upon such

application should contain an agreement that, if it should lapse or become forfeited for nonpayment of premium after being in force three full years, a paid-up policy would be issued on demand made within six months after such lapse, with surrender of the policy, under the same conditions as this policy, except as to payment of premiums, but without participation in profits, for such an amount as the net reserve on the policy at the time of the lapse, computed by the American Table of Mortality, and interest at four and one-half per cent. after deducting all indebtedness to the company, will purchase, as a single premium at the present published rates of appellant, at the age of insured at the time of such lapse, if an ordinary life policy, or for such an amount as shall be represented by as many proportional parts of the sum insured as there shall have been complete annual premiums paid thereon when the lapse or default above referred to shall first be made. Appellant received such application and accepted the same and delivered to appellee on March 17, 1892, at Evansville, Indiana, the policy of insurance here involved, as applied for by him, which was received and accepted by appellee and the first premium paid thereon. Said contract of insurance was made in consideration of said agreement and statements in said application, and the application referred to in said policy and made a part thereof, and in further consideration of the payment of the premium aforesaid, and of the annual payment of a like sum on March 17, in every year during the continuance of such policy until ten full years' premiums should thereby be paid. If any one of said premiums was not paid as therein provided, on or before the date when due, said policy should become void and all payments previously made should be forfeited to appellant, except that if said policy should lapse or become forfeited for the nonpayment of any premium

after being in force three full years, a paid-up policy would be issued, on demand made within six months after such lapse, with the surrender of such policy, under the same conditions as said policy, except as to payment of premiums, but without participation in profits for an amount equal to as many tenth parts of the sum thereby insured as there had been annual premiums paid thereon when said default in the payment of premium was made. A grace of one month was allowed, and all premiums were due and payable at the home office in the city of New York, unless otherwise agreed in writing. Notice that each and every payment of premium was due at the date named in the policy was given and accepted by the delivery and acceptance of the policy, and giving of any further notice or the acceptance of any premium after it was due was to be construed as an act of courtesy only, and should not be deemed as establishing a custom or as waiving or disturbing any condition as to the payments of premiums thereafter due.

No premium was ever paid after that premium due March 17, 1897. Said policy lapsed for non-payment of the March 17, 1898, annual premium, and thereupon said policy as therein agreed became void, and all payments previously made were there and then and thereby forfeited to appellant, except as to the right to issue the paid-up policy, on demand made therefor, within six months after said lapse of said policy, with surrender thereof, for an amount equal to as many tenth parts of the sum insured by said contract as there had been complete annual premiums paid at the time of said default in the payment of premiums; but appellee failed, neglected and refused to make, or cause to be made, any demand for said paid-up insurance, and thereupon at the expiration of said six months said contract became void. Appellant was a mutual company and transacted

business of life insurance on a purely mutual plan and under and pursuant to said principle of mutuality. Appellant in the year 1892, but after the making of the contract now in question, adopted the plan of voluntarily giving the policy holders who failed to pay their premiums on or before the date when due, and who also failed to make demand within six months after such non-payment, with surrender of the policy, for paid-up insurance in accordance with the terms of the contract, continued term insurance for the face amount of the policy for such period of time as the reserve thereon calculated upon the basis of the American Experience Table of Mortality and interest at the rate of four per cent. per annum would purchase at the age of the insured at the time of the lapse, according to the company's table rate of premium for term insurance. At said time of said lapse, said reserve on said policy was $1,371.40, and the rate of premium for term insurance for the term of seventeen years was $271.08, for $1,000 of insurance, and for eighteen years was $288.42 for $1,000 of insurance on a person age 49, which was appellee's age at that time. Said reserve, therefore, purchased continued term insurance for seventeen years and two months from March 17, 1898, and appellant duly extended said policy and credited appellee with said continued term insurance in the sum of $5,000, for seventeen years two months, or until May 17, 1915, after which time the policy had no further value.

The second paragraph of answer avers substantially the same facts as the first, and in addition thereto avers that appellee, with full knowledge of all of the facts and of his rights, there and then received and accepted all the benefits of said continued term insurance, and has thereby had full value of life insurance for all the premiums he has paid to appellant, and he is therefore now

here estopped to make any other or further claim on account of said transaction.

The third paragraph avers nonpayment of the premium March 17, 1898, and all premiums thereafter, and an abandonment of the insurance contract with knowledge that it had lapsed and rights thereunder had been forfeited.

The fourth paragraph avers the lapse of one year from the time appellee's action accrued, and that thereafter under the terms of the policy the suit cannot be maintained.

No question is presented as to the fifth paragraph.

Appellee filed a reply in denial to said answer and a second paragraph of reply to parts of the first, second and third paragraphs of answer, in which reply it was averred that the policy did not lapse for failure to pay the premium due March 17, 1898, but that appellant waived and estopped itself from setting up the failure to pay said premium in accordance with the terms of the policy, and from setting up any defense based thereon; that at that time appellee had two other policies of insurance in said appellant's company, on which he had been paying premiums for many years, and that it had always been appellant's custom to notify appellee when the premiums on said policies, including the one sued on, became due, such notice being a sufficient length of time before such premiums became due to enable appellee to pay them before he was in default, and that appellant by its said conduct impliedly agreed to notify appellee of all premiums becoming due on the policy sued on herein, and appellee relied upon such custom and agreement.

Appellee had large business interests, and among other enterprises his large department store in Evansville, Indiana, and that he carried a great deal of insur-

ance both in appellant's company and others, and that his bookkeeper in his place of business in said store was instructed by him to see to the payment of any premiums that might become due on any of his said policies in the event of the absence of appellee, or if he should in any event overlook the same, and said bookkeeper was familiar with said custom and said implied agreement, and relied upon the same. No notice of said March 17, 1898, annual premium was given to appellee, and appellee and his bookpeeper did not know of said premium, or that the same had not been paid, or that there was anything due from appellee until several years thereafter, when appellee was told by appellant that his policy had lapsed for failure to pay premium. Appellee paid all premiums on his other policies when they became due both to appellant company and to other companies in which he had life insurance policies, and he had no intention of permitting this policy to lapse, but intended to pay the premiums as they became due, and the failure to pay the premiums on such policy was wholly the fault of appellant in failing to give notice thereof in accordance with its custom and implied agreement, and it would therefore be a great injustice to, and fraud upon, appellee to permit appellant to enforce the provision of its said contract providing for forfeiture for failure to pay said premium as in the contract provided.

The third paragraph of reply was to the fourth paragraph of answer, and averred that application was made by appellee on March 4, 1892, in Evansville, Indiana, where appellee resided, for the policy of insurance here involved, and it was agreed in such application that any policy issued thereon should not be in force until the actual payment to and acceptance of the premium by appellant, or its agent, and that said policy was delivered to appellee and the first premium paid at Evans-

ville, Indiana, March 17, 1892, and that the contract of insurance was then and there completed in the State of Indiana, and was thereafter governed by the law of this state, and that therefore the provision that suit should not be brought after a lapse of one year is void under the statute of this state.

There was a demurrer to each, the second and third paragraphs of reply, which was overruled.

There was a trial by the court and a special finding of facts, the substance of which, after setting out the policy and application, the terms and stipulations of which, so far as here involved, have been hereinbefore set out, is as follows:

The application for said policy was taken by one Dannattell, who was agent of appellant at Evansville, and forwarded to appellant at New York, where the policy was issued and mailed to said agent for delivery to appellee upon payment of the first annual premium thereof, and said policy was so delivered to appellee and the premium paid. Appellee duly paid the first six annual premiums on the said policy according to the terms thereof. In November and December, 1884, appellee took out two other policies of insurance in appellant company, one for $2,000 and the other for $3,000, on which premiums were paid up to and after March 17, 1898. At all times prior to March 17, 1898, it had been the custom and usage of appellant to notify appellee when the premiums on said two policies, and on the policy sued on in this action, became due, and to give appellee notice a sufficient time before the due date of said premiums to enable him to pay them before he was in default. The notice was given by depositing, a short time before the due date, in the United States mail a notice stating the date when said premium was due, and addressed to appellee at his last known residence, as shown on the records of appellant at that time.

Appellee received no letter from appellant prior to March 17, 1898, or at any other time notifying him that the premium due March 17, 1898, was due and payable, nor did he receive notice of such fact from appellant in any other manner prior to March 17, 1898. Appellee failed to pay the premium on said policy of insurance that became due March 17, 1898, and the premiums that became due and payable thereafter, and that no part thereof has ever been paid. · By reason of the failure of appellee to receive notice of said premium he failed to pay the premiums as above set forth. No notice was given appellee by appellant of the premium of March 17, 1898, and appellee received no notice at any time of the premium due on said date. The reason appellee failed to pay the premium due on March 17, 1898, was because appellant did not give appellee notice of the premium due on that date, as appellant had done previously on all other premiums. The absence of said notice caused appellee to overlook the fact that said premium was due on March 17, 1898, and caused him to neglect the payment of said premium on said date. Appellee at all times relied upon said custom and appellant knew of his reliance upon the same. Thereupon appellant on May 4, 1898, marked said policy on its books as "lapsed," and continuously thereafter treated said policy as having lapsed and forfeited by failure to pay said premium, and notified appellee thereof sometime during the year 1904, and again notified him in writing in March, 1912. Appellant waived notice of an election on the part of appellee to take the third benefit provided for at the completion of the tontine period, to wit, March 17, 1907. Appellee was willing and ready at all times to pay the premiums on said policy after they became due and according to the terms of the contract. He at no time either impliedly or otherwise agreed to accept extended insurance under said contract.

Appellee has elected by bringing this suit to accept the third benefit therein on completion of the tontine period, to wit, to withdraw in cash the entire equity, consisting of the net reserve of $2,822.95, and in addition thereto the accumulated surplus. The accumulated surplus is $1,568.50. The total value of said benefit on March 17, 1907, was $4,391.45. The four unpaid premiums on said policy, with interest thereon at six per cent. per annum from the time each became due and payable to March 17, 1907, is $1,893.70, and this, deducted from $4,391.45 leaves the net value of said benefit at said date of $2,497.75, and the interest on said sum at five per cent. per annum from March 17, 1907, to the date of the finding, or $1,692.22, making the total value at that time of $4,126.97. Appellee made no attempt or offer to pay appellant the premium that became due on March 17, 1898, or the premiums that became due thereafter until the year 1904, and again on December 3, 1913. In the year 1904, appellee offered to pay appellant the premiums which he had failed to pay with compound interest on them to date, if appellant would reinstate his policy. Appellee failed to surrender said policy of insurance within six months after March 17, 1898, and failed to make demand on appellant within the six months period for a paid-up policy of insurance. Appellee never at any time surrendered, or offered to surrender, to appellant said policy after March 17, 1898, and never thereafter made a demand of appellant for the paid-up policy of insurance. Appellant on May 4, 1898, declared said policy of insurance lapsed for failure of appellee to pay the premium due March 17, 1898, and so marked the same upon its record book, and at the same time credited appellee on said books with extended insurance in the sum of $5,000 for a term of seventeen years, two months from March 17, 1898, and thereafter

carried said policy of insurance as such continued term insurance for said term.

Some time in the year 1892, after the delivery of the policy sued on in this action, appellant adopted a plan of giving automatic continued insurance of all policies of the kind and character that the policy sued on is, which lapsed and upon which three or more full years' premiums had been paid, if the policy holder failed to apply for paid-up insurance in accordance with the terms of the policy; the continued insurance being given by the company after the expiration of the six months stated in the policy for applying for paid-up insurance with the surrender of the policy. Appellee called upon appellant on March 13, 1912, and inquired the condition of his policy here involved, and demanded an explanation regarding its lapse. March 18, 1912, appellant wrote appellee a letter, in which it stated that the premium upon said policy due March 17, 1898, was not paid, and that the policy was being carried on the books of the company as nonparticipating paid-up term insurance of $5,000 for a period of seventeen years and two months from the date of the lapse. On November 8, 1913, appellee sent a letter to appellant, which appellant received on December 3, 1913, in which letter appellee offered to pay appellant all past-due premiums with compound interest, and demanded that appellant reinstate his policy here involved. This action was commenced August 25, 1915.

Upon this finding of facts the court stated its conclusion of law that appellee should recover of appellant $4,126.97, together with costs.

Appellant moved for a new trial, which motion was overruled and judgment rendered in conformity to the conclusion of law. From such judgment this appeal is prosecuted and appellant has assigned as error the court's action in overruling its respective demurrers to

the second and third paragraphs of reply, in stating its conclusion of law and in overruling the motion for a new trial. The appellee admits the nonpayment of the premium due March 17, 1898, and subsequent premiums, and appellant contends that the policy involved clearly provides for a forfeiture on failure to pay any premium when the same becomes due, and that therefore the courts cannot avoid enforcing the forfeiture.

When appellee failed to pay the premium due March 17, 1898, the appellant did not take any steps to avoid the policy for the nonpayment of such premium. The steps taken by appellant indicated an intention to keep the policy alive, and not to avoid it.

It is contended that the forfeiture clause is self-operative and that it requires no action by the company. In other words, when appellee failed to pay the premium in 1898, the policy by force of its own language was void.

The provision in the policy to the effect that a failure to pay any premium when due shall render the policy void was a condition subsequent, the breach of
1. which did not of its own force terminate the policy, but such breach did have the effect to render it voidable at the election of the company. *Glen Falls Ins. Co.* v. *Michael* (1905), 167 Ind. 659, 74. N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Supreme Tribe* v. *Lennert* (1912), 178 Ind. 122, 130, 98 N. E. 115; *Aetna Life Ins. Co.* v. *Bockting* (1906), 39 Ind. App. 586, 79 N. E. 524; *Mod. Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711, 715, 80 N. E. 427, 82 N. E. 475, 14 Ann. Cas. 89; *State Life Ins. Co.* v. *Jones* (1910), 48 Ind. App. 186, 92 N. E. 879; *American, etc., Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 94 N. E. 785; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 523, 102 N. E. 45.

When appellee failed to pay the premium, the policy

did not become void, but only voidable at the election of the appellant. Appellant did not have the right to elect to terminate the policy within six months after March 17, 1898, for the reason that the assured had a right to claim a paid-up policy within that time.

On May 4, 1898, appellant marked said policy on its books as lapsed, and at the same time made an entry on its books showing an extended insurance under 2, 3. the policy for 17 years and 2 months from March 17, 1898. This was an affirmative act, showing an intention not to terminate the policy, because it was wholly inconsistent with an intention on the part of appellant to terminate the policy and to forfeit the reserve to the use of the company. It constituted a recognition of the validity and the continued existence of the policy. *Farmers', etc., Assn.* v. *Mason* (1917), 65 Ind. App. 66, 116 N. E. 852. The company having elected not to terminate the policy, it continued in force as to both parties in accordance with its original terms and conditions. The company was required to satisfy the policy in accordance with its terms. It had no power to discharge its liability in any way other than that provided in the policy. It could not discharge its liability thereunder by granting extended insurance when no such right was given it by the terms of the policy. It could not apply the surplus and the undivided profits, which belonged to the appellee, to the purchase of extended insurance without the consent of the appellee. Appellee never consented to such application, and never agreed to accept extended insurance in satisfaction of his rights in the policy.

Appellant says that appellee made no tender of the premiums delinquent. It appears by the finding that he called at the New York office of appellant and 4. offered to pay the premiums with compound interest, and it appears by the evidence that this

was when he discovered that he was delinquent, and it also appears by the evidence that he was then informed that the company would do nothing for him. Long before that time, appellant had marked the policy lapsed, and the actuary of appellant stated on examination that the company would not have reinstated the policy, for there was no provision therefor.

2 Bacon, Life and Accident Insurance (4th ed.) §609, note 374, says that the marking of a policy on the books of the company as lapsed excuses further tender of performance by the insured.

In May, Insurance (4th ed.) §358, the author says: "Payment or tender of payment of premium is not necessary where the insurers have already declared the policy forfeited, or done any other act which is tantamount to a declaration on their part that they will not receive it if tendered." See, also, *Phoenix Mutual Life Ins. Co.* v. *Hinesley* (1881), 75 Ind. 1; *Sourwine* v. *Supreme Lodge, etc.* (1894), 12 Ind. App. 447, 40 N. E. 646, 54 Am. St. 532. Under the facts in this case no tender was required.

Appellant says that appellee has had seventeen years and two months of extended insurance. But it appears by the finding that appellee at no time either expressly or impliedly agreed to accept extended insurance, and it further appears that the first written information that appellee had of such extended insurance was by letter on March 18, 1912, though it seems to have been casually referred to at the time appellee offered to pay his delinquent premiums with compound interest. Had appellee died before March 18, 1912, his beneficiary would have had no information whatever of such extended insurance. Such information was wholly in the books of the company, which were in its possession. The policy made no provision for extended insurance under any condition. The appellant did not issue a new policy for

the extended insurance, but continued the old policy in force, and attempted to change its terms and convert it into a term policy without the consent of the assured.

Appellee was not required to give notice of his acceptance of the third option before the end of the fifteen year tontine period, for the reason that before

5. that time he had been informed of the attempted forfeiture of his policy. At the end of the tontine period, appellee was entitled to a settlement, and to elect, sixty days before, as to which option he would accept. This opportunity he did not have, for appellant had already given him extended insurance which denied his right to his option under the terms of the policy. His election would have been useless. *Equitable Life Assur. Soc., etc.,* v. *Perkins* (1907), 41 Ind. App. 183, 80 N. E. 682.

Appellee only asks, by electing to recover under the third option, what he would have been entitled to under the reinstated policy at the end of the tontine pe-

6. riod, and he was entitled to such reinstatement in 1904, when he discovered his delinquency, and when he offered to pay the delinquent premiums with compound interest. Had appellant accepted this equitable adjustment, each party would have had all the rights that the insurance contract gave, no more, no less; for long after that time appellee furnished to appellant on his other policies, a certificate of good health, which was accepted and acted upon.

The trial court, recognizing the respective rights of the litigants, as above set out, fully protected appellant by deducting the amount of the delinquent premiums, with interest from their respective due dates from the amount due appellee at the end of the tontine period, and appellant is therefore only required to pay what it would have paid had the insurance contract run its

legitimate course to the end of the tontine period, plus interest because of deferred payment.

The provision in the policy that no suit shall be brought on the policy after one year from the time of the accruing of the cause of action, is void under the statute. §4803 Burns 1914, §3770 R. S. 1881; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281; 12 N. E. 315; *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531, 73 N. E. 202.

There was no error in overruling the demurrers to the second and third paragraphs of reply. There was no error in the court's conclusion of law.

Under its motion for a new trial appellant predicates error upon the court's admitting in evidence the testimony of appellee as to his intentions with reference to abandoning the contract. This evidence was admissible. In 1 Elliott, Evidence §163, the principle is stated that in civil cases where evidence of intent is material, it is admissible. In *Over* v. *Schiffling* (1885), 102 Ind. 191, 193, 26 N. E. 91, 92, the court says that—"Our cases decide that where the intent with which an act is done becomes material, it is proper to ask what it was." To the same effect see *Wilson* v. *Clark* (1890), 1 Ind. App. 182, 187, 27 N. E. 310. Even if the admission of such evidence was error, in this case it is certainly harmless, for it clearly appears from all of the evidence in the case that the failure to pay the premium on the part of appellee was wholly unintentional.

Appellant finally complains of error of the court in admitting in evidence the estimate prepared by the agent of appellant, who in the beginning solicited the insurance involved. It is true, that this was only an estimate; but it was an estimate made by appellant's soliciting agent. It is not claimed that it was

an agreement between the parties; but it was some evidence of the amount of the surplus at the end of the tontine period; the amount of such surplus being peculiarly within the knowledge of appellant. It had the books and the records and was in a position to know just how to estimate the amount of such surplus. The controlling principle is stated in 16 Cyc 936, as follows:

"Where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having the burden is called upon to negative, or where for any reason the evidence to prove a fact is chiefly if not entirely within the control of the adverse party, it has been held that the burden of proof, meaning the burden of evidence, is on the party who knows or has special opportunity for knowing the fact, * * *. As a matter of principle the difficulty only relieves the party having the burden of evidence from the necessity of creating positive conviction entirely by his own testimony. Should he produce the evidence in his power its probative effect is enhanced by the silence of his opponent."

This statement was delivered by the agent of the company to the insured at the time of the transaction of the business of placing said policy. It was not error to admit it in evidence.

No error appearing in the record, the judgment is affirmed.

Ewbank, J., absent.