## SECURITY LIFE INSURANCE COMPANY OF AMERICA v. GOTTMAN.

[Nos. 12,575, 12,624.   Filed April 20, 1927.   Rehearing denied July 1, 1927.   Transfer denied April 24, 1928.]

*Bull, Lytton & Olson* and *Brill & Brady,* for appellant.
*Winfried K. Denton,* for appellee.

MCMAHAN, C. J.—On October 21, 1908, appellant issued and delivered to Charles V. Gottman two policies

of insurance, insuring the life of the latter, said policies being numbered 15,858 and 15,859. Each policy was for $5,000, and named appellee, the then wife of the insured, as beneficiary. The policies were identical in form. The annual premium on each was $177.25, payable October 21 of each year, subject to a grace period of thirty-one days. One-half of the first annual premium for each policy was paid in cash. The other half was paid by a note payable on maturity of and out of the proceeds of the policies. The second annual premium on each policy was also paid one-half cash and balance by note. Subsequent premiums were paid in cash up to and including the premiums due October 21, 1912. About the last of September, 1913, appellant notified the insured that the next premiums would become due October 21, and, on October 31, appellant wrote the insured a letter calling attention to this matter and told the insured if he could not comply with the conditions of the policies to write appellant. This was followed by a letter of the insured of November 14, saying he would not be able to pay the premiums, and asking appellant to mail him two notes each for $177.25, due six and nine months with five per cent. interest. On November 18, appellant sent the notes, each being dated October 21, 1913, and which were signed by the insured and returned to appellant November 19, and called for five per cent. interest. The inference is that the two blank notes, when mailed by appellant, called for six per cent. interest, and that the rate of interest was changed from six per cent. to five per cent. by the insured before he signed and returned the notes, and that appellant did not notice this change and did not discover it until after it had written the insured a letter dated April 8, 1914, notifying him the note due April 21, had been sent to an Evansville bank for collection and stating that the amount due was $182.56, $5.31 being the amount of

interest calculated at six per cent. The insured replied, stating that it would be impossible for him to pay the note at that time, but that he would forward interest on same in the sum of $4.43 by the twentieth of the month. On April 13, appellant again wrote the insured saying the note bore six per cent. interest and not five per cent. and that on receipt of $5.31, covering interest, it would be glad to extend the note three months. On April 20, the insured sent appellant a check for $4.43 for the interest, calling attention to his letters of November 14 and 18, 1913, in the first of which he asked appellant to mail him two notes drawing five per cent. interest and in the second where he said he was sending the notes to appellant and stated the rate of interest was five per cent.

Appellant accepted the check for $4.43 in full for the interest and, on April 22, so wrote the insured, telling him he must pay interest at six per cent. for extension of three months. The insured made no reply to this last letter, and nothing transpired until July 10, 1914, when appellant wrote the insured stating the two notes would be due July 21, with a statement of the amount due on each note. The interest on the six-month note was stated to be $2.66, and on the nine-month note $7.97, the interest being calculated at six per cent. on the first note from April 21, and on the second note from date. On July 18, the insured wrote appellant he could not take the notes up at that time, and inclosed a check for $8.87, for interest, saying he expected to take the notes up in a few weeks. It will be noted that the amount remitted for interest was the correct amount if calculated at the rate of five per cent. but was $1.76 less than if calculated at six per cent., as appellant had figured it. Appellant, on July 21, replied to the letter of the insured dated July 18, enclosing the check for $8.87, acknowledging receipt of the $8.87, and saying

it would be glad to extend notes to August 21, but must require interest to be paid at rate of six per cent., and saying extension would be granted upon receipt of check for $1.76, covering difference in amount of interest. In a letter dated August 19, and mailed on the evening of August 20, the insured wrote appellant he could not pay the notes then, but thought he could pay both of them not later than October 21. No reference was made in this letter to the $1.76 which appellant had requested be remitted to cover difference in amount of interest. Appellant, on August 20, wrote the insured a letter calling attention to the failure of the insured to send the $1.76, and returning the check for $8.87, with the statement that the policies had lapsed because of the failure to send amount to take up notes prior to July 21, or a sufficient amount to cover interest to extend them, and enclosing blank application for reinstatement of policies.

Prior to this time, nothing had been said by appellant intimating the policies had lapsed, or had been or would be forfeited. The correspondence up to this time related to the payment of the notes, the interest thereon and extension of time for payment of the notes.

On August 24, appellant, in reply to a letter from the insured dated August 22, says it was an oversight on its part in approving the notes with interest changed from six per cent. to five per cent., and referring to the six month note which was given in connection with policy No. 15,858, and also said the letter of July 22, specifically mentioned that the extension would be granted only on basis of six per cent. interest and that the extra one per cent. interest on that note from April 21, to July 21, amounted to forty-four cents, which the insured was asked to remit, with the statement giving the insured until close of business on August 28, within which this amount must be received by appellant or it would declare the policy void except as to the provision for extended

insurance. And referring to the other note which had been given in connection with policy No. 15,859, and which became due by its terms July 21, the letter stated appellant would accept interest payment on that note provided the insured agreed to pay six per cent. interest for the period of extension, and that extension would be made to September 10, provided the insured advised appellant of the acceptance of the six per cent. rate, such advice to reach appellant before the close of business on August 28. No notice or statement was contained in this letter that policy No. 15,859 would be declared void if the insured did not agree to pay the six per cent. interest for the extension to September 10. And the insured, without advising appellant of his acceptance of the six per cent. in order to get an extension to September 10, wrote a letter to appellant under date of August 27, but which appellant says was not received by it until the morning of August 29, and sent appellant a "check for $356.37, amount of notes Nos. 5,633 and 5,634 with interest to date," to which was added "Please read my letter for November 14, 1913." While nothing is said in this letter about the check for $8.87, it is quite clear from a letter written by appellant on August 29, that such check was enclosed with the check for $356.37. In this letter of August 29, appellant referred to these two checks and said it was returning them because of the failure of the insured to comply with its letter of August 24; that both policies became null and void as of July 21, except as to extended insurance. The attention of the insured was called to the provisions in the policies for reinstatement and blanks were inclosed for that purpose, with a statement that the financial consideration for reinstatement was the payment of the two notes with interest. The interest demanded was five per cent. to maturity of each note and six per cent. thereafter.

Nothing further transpired until nearly four years later, when, on March 14, 1918, the insured mailed an application for a reinstatement, and asked the amount necessary to reinstate the two policies. This application contained a statement that the policy had lapsed by reason of the nonpayment of premiums, and that the applicant agreed the policy should not be reinstated until the application had been approved and all defaulted premiums had been paid. While policy No. 15,858 was not mentioned in the application for reinstatement, it appears to have been made in relation to that policy as well as No. 15,859. The insured so stated in his letter, and in the letter of appellant acknowledging receipt of the same, it stated the amount necessary to reinstate such policy. On April 2, 1918, appellant notified the insured that the applications for reinstatement of both policies had been declined as the evidence relating to insurability was not satisfactory. Neither policy was ever reinstated. No further correspondence took place in reference to the policies. No further payments of premiums were ever made or tendered, and the insured died March 26, 1922. On July 29, 1924, which was more than two years after the death of the insured, appellee filed her complaint to recover on policy No. 15,859, on the theory that appellant had wrongfully refused to accept the payment of the premium for 1913, and that it thereby waived its right to require the payment of that and subsequent premiums and was estopped to take advantage of nonpayment of premiums. Appellee recovered judgment on this policy for $2,854.43. Later, suit was commenced on policy No. 15,858, and appellee recovered judgment thereon for $2,926.15.

On April 22, 1914, when appellant wrote the insured that he must pay six per cent. interest for an extension of three months, the note was past due and there was no intimation that the policy would be forfeited if he did

not agree to pay six per cent. interest. The insured made no reply to this and did not agree to pay the additional one per cent. interest demanded by appellant. Appellant was not bound by its offer to extend the note for an additional period of three months, and could, at any time after April 21, have taken steps to have forfeited the policy. It took no such steps, but continued to treat the same as being in full force and effect. It may have believed that the insured, by failing to reply to the letter of April 22, had acquiesced in and accepted its offer to extend the note for three months and that it was entitled to collect interest at the rate of six per cent. after April 21. That it did so believe is quite evident from the fact that it did nothing more until a short time before the three months expired, when it wrote a letter to the insured, dated July 10, giving insured notice that both notes would be due July 21, and giving the amount due on each, calculating the interest on the one note at six per cent. from April 21, and on the other from its date. The amount of the interest on the two notes as calculated by appellant was $10.63. The insured again insisted he was required to pay only five per cent. interest and sent appellant a check to cover the interest on both notes at that rate. On the failure of the insured to send a check for $1.76 to cover the difference between the interest at five per cent. and six per cent., appellant, on August 20, returned the check for $8.87 to the insured with a statement that his policies had lapsed because of his failure to send amount necessary to take up the notes or to pay the interest for the extension. Appellant, up to this time, evidently had not observed that the second note also drew interest at the rate of five per cent., as, on August 24, it wrote a letter stating it was an oversight on its part in accepting the note with five per cent. interest, and notifying the insured that unless he sent forty-four cents to cover the

extra one per cent. interest on the first note from April 21 to July 21 in time so that the same would be received before the close of business on August 28, policy No. 15,858 would be declared forfeited for failure to pay the additional one per cent. interest. It also, in this letter, informed the insured that he must, before the close of business on August 28, agree to pay six per cent. for and during an extension which was being asked on the other note. The insured, instead of complying with the demand contained in appellant's letter of August 24, wrote the insurer a letter dated August 27, but which the company claims was not received until the morning of August 29, in which he enclosed checks for the amount due on the two notes with interest calculated at the rate of five per cent. Appellant returned these checks and made an entry on its books showing the policies forfeited except as to the extended insurance provided in the policies.

Appellant had the right to fix the rate of interest which it would require a policy holder to pay on a note given for a premium. It also had the right to declare a policy forfeited upon the failure to pay a premium when finally due or to pay a note given for a premium, when the same became due. It did not do so in the instant case. After the notes became due, it entered into correspondence with the insured concerning the interest on the notes and granting of extensions of time. Appellant fully realized it could not under the circumstances declare a forfeiture of the policies without giving the insured notice of such intention and giving him a reasonable time within which to comply with the demand.

Referring specially to the nine-month note which had been given on account of the premium on policy No. 15,859, the insured was under no obligation to pay interest thereon at the rate of six per cent. and the letter

of August 24, did not give him the option of paying the whole of the note in order to prevent a forfeiture. He was only given the right to signify his willingness to pay six per cent. interest for a further extension. Appellant's office was located in Chicago, Illinois, while the insured resided at Evansville, Indiana, a distance of about 300 miles from appellant's office. We do not know when the letter of August 24 was mailed, or when it was, or, in the ordinary course of mail, should have been, received by the insured. The agreement read in evidence states that the letter was mailed *about* the day it bears date and that it was received by the insured in the ordinary course of the mail.

In the absence of evidence as to when this letter was actually mailed and when it was or should have been received by the insured in the ordinary course of the mail, we are of the opinion that appellant failed to show it gave the insured reasonable time to comply with its demand as contained in the letter of August 24, and that when it received the insured's letter on the morning of August 29, with checks for the amount due on both notes, it should have received the same in payment of the notes, and that it had no right under the circumstances to declare either of the policies forfeited. If it was appellant's intention to insist upon the payment of the additional one per cent. interest and to forfeit policy No. 15,858 in case such payment was not made when the first note became due, it should have specially notified the insured of such intention when it wrote the letter of April 22, 1914, and given the insured a reasonable time within which to enter into an agreement to that effect, or to pay the amount then due. This it did not do.

When appellant marked the policies on its books as lapsed, further tender of performance by the insured

was excused. Payment or tender of payment of premiums is not necessary after the insurer has declared the policy forfeited. *New York Life Ins. Co. v. Lahr* (1922), 192 Ind. 613, 629, 137 N. E. 673. Judgment affirmed.

Dausman, J., absent.