SUN LIFE ASSURANCE CO. OF CANADA *v.* DARNELL

[No. 16,078.  Filed May 2, 1939. Rehearing denied October 18, 1939.  Transfer denied November 28, 1939.]

*Hatfield & Hatfield,* and *McDonald & McDonald,* for appellant.

*Espenschied & Espenschied,* and *Sanford K. Trippett,* for appellee.

CURTIS, C. J.—This was an action brought by the appellee against the appellant, seeking to recover upon a life insurance policy issued to her husband, Oscar E. Kessler, now deceased, by the Cleveland Life Insurance Company, predecessor of the appellant, made payable to the appellee. She re-married to one Darnell since her said husband's death.

The complaint was in one paragraph asking to recover the sum of $2000.00. The principal amount of the policy was in the sum of $1000.00. It was alleged that an additional sum of $1000.00 was due by reason of the alleged death of the insured from external, violent and accidental means, but on the trial, any claim to the said additional sum of $1000.00 was abandoned. The complaint was answered in general denial and by two additional paragraphs. The first of these additional paragraphs was denominated a cross-complaint charging that the policy had lapsed for nonpayment of premiums and that there was no liability. The second was also affirmative in nature and asked that the appellee take nothing. To each of these two paragraphs the appellee addressed a general denial.

The proper causes or grounds of the motion for a new trial are alleged error in the giving of each of instructions numbered 1, 2, 3, 4, 5, 7, 8, 9 and 10 tendered by the appellee; that the verdict of the jury is contrary to law; is not sustained by sufficient evidence, and error in the assessment of the amount of the recovery, the amount being too large. The appellant in its brief says that the only errors relied upon for reversal are alleged error in the giving of each of said instructions numbered 1, 4, 5, 7 and 10 and that the verdict is contrary to law and not sustained by sufficient evidence. We now proceed to take up these alleged errors relied upon.

They will be considered in the order in which they are presented in the appellant's brief. The appellant first contends that the court erred in the giving of the appellee's instruction number 1. This instruction is simply a detailed statement of the allegations of the complaint with the statement that an answer in general denial was filed, advising the jury that the burden of establishing the material allegations of her complaint by a fair preponderance of the evidence was upon the plaintiff (appellee). We quote the salient part of the appellant's contention as to this instruction as follows:—''This instruction contains, as a material allegation, the statement that at the time of the death of the insured he and the plaintiff had each duly performed all the conditions of said policy and contract on their part to be performed. The undisputed evidence established that the insured had not performed the conditions of the policy in that he had not paid the premiums and that the policy was in default. The theory upon which the appellee tried her case was that notwithstanding the default, the policy was still in effect under one of its options.''

It is the appellant's contention that the instruction was at issue with the evidence and contrary to the theory upon which the case was tried. The appellant is in error as the language of the complaint to the effect that the decedent and the plaintiff ''had each duly performed all the conditions of said policy and contract on their part to be performed'' when properly interpreted meant that they had made a sufficient performance under the terms of the policy and the law governing it to entitle them to a right of recovery under the policy. The policy contained several options and privileges and it was not the intention of

the pleader to allege that the decedent and the appellee had performed all of these different provisions of the policy. Both the policy and the law in force at the time, which was as much a part of the policy as if it had been incorporated therein, provided for certain extended insurance under certain conditions and these provisions were self-executing in the sense that the insured was protected by these provisions if he came within them. The said instruction is not subject to the objection urged by the appellant. Appellee's instruction number 4 challenged by the appellant is as follows: ''If you find from the evidence that the insured, Kessler, paid three full years premiums on the policy sued upon, and that the defendant claims that the failure of the insured to pay a subsequent premium caused said policy to be forfeited and to lapse, then, and in that view of the case, the burden is upon the defendant to prove such nonpayment of such subsequent premiums, and that said policy on account thereof was lapsed at the time of the death of said insured.'' The appellant contends that said instruction was not pertinent either to the evidence or to the issues and that its giving constituted reversible error. The instruction is not subject to the objection. It must be remembered that the appellant's ''cross-complaint'' proceeded upon the theory that ''the policy . . . had lapsed for nonpayment of premiums''. We think the instruction is proper and applicable to the evidence under the issues. See: *Equitable Life Assurance Society of the United States* v. *Campbell* (1926), 85 Ind. App. 450, 150 N.E. 31, 151 N.E. 682; *New York Life Insurance Co.* v. *Lahr* (1923), 192 Ind. 613, 137 N.E. 673.

The appellant next challenges instruction number 5

tendered by the appellee and given by the court. This instruction is as follows:

"The Court instructs the jury that at all times mentioned in plaintiff's complaint there was in force in this State a statute which provided that in the event of default of premium payments, after premiums have been paid for not less than three full years, on any policy of life insurance, the insured shall be entitled to the extended insurance shown in the table of values and options, for the end of the last year for which full annual premiums shall have been paid; Provided, That if there be any unpaid note given for a premium, or any indebtedness to the company on account of or secured by the policy, the amount of extended insurance shall be reduced to the ratio of such indebtedness to the net value of such extended insurance; or, the amount of such indebtedness shall be deducted from the net value of the extended insurance, otherwise available, and the balance shall be applied as a net single premium to purchase extended insurance for an amount equal, either to the face of the policy or to the face of the policy less the amount of such indebtedness.

"So, in the case at bar, if you find from the evidence, that the premiums on the policy in suit had been paid for three full years from the date of such policy, on September 10th, 1925, to September 10th, 1928, and you further find from the evidence that there was not any unpaid note given for a premium during said period, or any indebtedness to company on account of, or secured by, the policy, then in such event, the insured, Kessler, was entitled to extended insurance for a period of two years and one hundred ninety-three days, from September 10th, 1928; and, if you further find from the evidence that the plaintiff has otherwise proven the material allegations of her complaint, your verdict should be for the plaintiff."

When this instruction is considered along with the other instructions in the case, we cannot see how the jury could have been misled by it. The appellant is in error in asserting that the parties conceded that there was an indebtedness to the Company. The fact is that that question was sharply in issue and the fact of indebtedness was disputed by the appellee. The evidence is not entirely clear in that respect, but the jury heard this conflicting evidence and we are bound by its evident finding that no such indebtedness existed under the terms of the policy. We see no harmful error in the instruction.

With reference to instructions 7 and 10 tendered by the appellee and given by the court, the most that can be said in favor of the appellant's contention is that these instructions, standing alone and not considered in view of the other instructions in the case might be considered incomplete, but it is to be noted that if the appellant had any objections in that respect (to make), the objections should have been made to the trial court with a request that more complete instructions be given. That was not done. The appellant is in no position now to complain of any incompleteness in said instructions.

The appellant next and lastly argues that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. We do not agree with these contentions.

There was no automatic premium loan provision in the policy; it was only upon the written request of the insured that a premium loan would be granted. The jury, under the evidence could properly conclude that any prospective loan on the policy had not reached beyond the inquiry and negotiation stage. The

evidence pointed strongly to the fact that no assignment of the policy to secure a loan had been made and that there was never any loan made in accordance with the provisions of the policy. The jury was thus warranted in reaching the conclusion it evidently reached as to the nonexistence of a policy loan. We think the verdict was sustained by sufficient evidence and that it is not contrary to law.

We have found no reversible error. Judgment affirmed.